## 41257. UNITED BUDGET COMPANY v. GEORGIA INSURERS INSOLVENCY POOL.
### (321 SE2d 333)

GREGORY, Justice.

This is an action to recover unearned insurance premiums on behalf of 3,127 Georgia policyholders of Reserve Insurance Company from appellee, the Georgia Insurers Insolvency Pool. Reserve Insurance Company was domiciled in Illinois and licensed to issue property and casualty insurance policies in Georgia. In May 1979, Reserve Insurance Company was placed in liquidation by the Director of Insurance for the State of Illinois and subsequently declared in this case to be insolvent by the Superior Court of Fulton County. The Southern Premium Budget Company ("S.P.B.C.") is a premium finance company which financed insurance premiums on property and casualty insurance policies issued by Reserve to the 3,127 Georgia policyholders pursuant to individual premium finance agreements. Under the terms of the premium finance agreements, each Georgia policyholder of Reserve assigned to S.P.B.C. a security interest in "any and all unearned premiums which may become payable" under the financed policies and each appointed S.P.B.C. as his or her Attorney-in-Fact to "receive all sums assigned to it" pursuant to each premium finance agreement. As a result of Reserve's insolvency, all of the policies issued to the Georgia policyholders were canceled. Due to this cancellation, the Georgia policyholders stopped paying the installments owed to S.P.B.C. under the premium finance agreements.

S.P.B.C submitted, in its corporate capacity and as Attorney-in-

Fact for the various Georgia policyholders, a Proof of Claim to the Georgia Insurers Insolvency Pool for return of unearned premiums totalling $369,162.44. Appellee rejected the claim of S.P.B.C. on the ground that S.P.B.C. had a net worth in excess of one million dollars at the time of the insured event. OCGA § 33-36-3 (2) (F). S.P.B.C. subsequently assigned its right, title and interest in and to the unearned premiums to appellant, United Budget Company. Appellant filed this action in its corporate capacity and as Attorney-in-Fact for the Georgia policyholders of Reserve for return of the unearned premiums. Appellee denied any liability based on the same one million dollar limitation. Appellant filed a motion for partial summary judgment to address the issue of whether the one million dollar limitation in OCGA § 33-36-3 (2) (F) applied to it in its capacity as Attorney-in-Fact for the Georgia policyholders of Reserve and, if so, whether that statutory provision is constitutional as applied. Appellee also filed a motion for summary judgment on the same issue. The trial court denied appellant's motion and granted summary judgment in favor of appellee.

In this appeal, appellant contends the trial court erred in concluding the one million dollar limitation in OCGA § 33-36-3 (2) (F), as a matter of law, applies to appellant in its capacity as Attorney-in-Fact for the Georgia policyholders of Reserve Insurance Company. We agree and reverse.

Appellant is a premium finance company. An insurance premium finance company is defined under the Insurance Premium Finance Company Act as "a person engaged in the business of entering into premium finance agreements." OCGA § 33-22-2 (2). An insurance premium finance agreement is "an agreement by which an insured or prospective insured promises to pay to a premium finance company the amount advanced or to be advanced under the agreement to an insurer . . . in payment of premiums on an insurance contract together with a service charge. . . ." OCGA § 33-22-2 (1). In the case sub judice, S.P.B.C. entered into premium finance agreements with each Georgia policyholder of Reserve. Under the terms of those agreements, each policyholder assigned to S.P.B.C. a security interest in any unearned premiums which may become payable under the financed policy and each appointed S.P.B.C. as his or her Attorney-in-Fact to receive these sums. Therefore, after the Reserve policies were canceled and the Georgia policyholders stopped paying the installments due under the premium finance agreements, S.P.B.C had two courses of action to collect the amounts owed by the Georgia policyholders. It could either pursue each of the policyholders for the amount owing under each premium finance agreement, or collect on the collateral, i.e., the unearned premiums due to the Georgia policyholders from the Georgia Insurers Insolvency Pool. Appellants elected

the latter course of action.

The purpose of the Georgia Insurers Insolvency Pool Act is "to provide a remedy for covered claims under property and casualty insurance policies when the insurer has become insolvent and is unable to perform its contractual obligations." OCGA § 33-36-2. An unearned premium claim is a covered claim under the act. OCGA § 33-36-3 (2) (B) (i). The appellant's claim was denied by appellee on the basis of OCGA § 33-36-3 (2) (F) which provides, "[a] covered claim shall not include any obligation to insurers, insurance pools, underwriting associations, or any person which has a net worth greater than $1 million at the time of the insured event." The record in this case contains the deposition of the Administrator of the Insolvency Pool in which he conceded that if each of the 3,127 individual Georgia policyholders of Reserve had submitted his or her claim to appellee, then the unearned premiums would have been paid to them provided they had a net worth of less than one million dollars. The appellant has asserted its claim for return of the unearned premiums as the assignee and Attorney-in-Fact for the Georgia policyholders, and as such, appellant "stands in the shoes" of the insureds and is entitled to all the unearned premiums on the insurance policies canceled by Reserve, which the policyholders would be entitled to but for the assignments.

We, therefore, hold that under the circumstances presented in this case, the one million dollar limitation contained in OCGA § 33-36-3 (2) (F) does not apply to appellant in its capacity as assignee and Attorney-in-Fact for the Georgia policyholders of Reserve Insurance Company. This interpretation is consistent with the purpose of the Georgia Insurers Insolvency Pool Act to protect policyholders of insolvent insurers. In the instant case, the parties who are protected are the Georgia policyholders of Reserve Insurance Company. When appellant's claim is honored, the Georgia insureds will, to that extent, be relieved of their debts owed to appellant.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 17, 1984.

*Hurt, Richardson, Garner, Todd & Cadenhead, Rex M. Lamb III, Henry D. Fellows, Jr., Constantine & Summers, Robert P. Constantine, Jr., Ezra B. Jones III,* for appellant.

*Henning, Chambers & Mabry, Wilbur C. Brooks,* for appellee.