### 75514. ELBERT COUNTY v. GEORGIA INSURERS INSOLVENCY POOL.
(366 SE2d 153)

BIRDSONG, Chief Judge.

Elbert County filed an insurance claim for hailstorm damage to

the county courthouse. The insurer was adjudged insolvent; Elbert County filed a claim against the Georgia Insurers Insolvency Pool Act, and when the claim was denied, filed suit. The trial court granted judgment on the pleadings to the Insolvency Pool, holding that the county, being a legal entity, is a "person" under OCGA § 33-1-2 (5) and, having a stipulated net worth of more than $1 million, is excluded from coverage by the Insurers Insolvency Act at OCGA § 33-36-3 (2) (F) as it stood at the time this claim arose. On appeal, the county urges that it is not a "person" so as to be excluded from coverage. *Held*:

The governing insurance statutes, § 33-1-2 (5), describing as "person" any other legal entities than the ones there named, and § 33-36-3 (2) (F) excluding from insolvency pool coverage any "person" with a net worth greater than $3 million ($1 million at the time this claim arose), are too unclear to require a finding that a county is a "person" in contemplation of the insurance laws. It is only default, by the omission of the word "county" or "political subdivision of the state" from § 33-1-2 (5), and the conclusion that it is "any other legal entity" than the ones named, that lead the trial court to conclude it is a "person." But that conclusion is not at all clear, or inevitable. A county is a political subdivision of the state (*Troup County Elec. &c. v. Ga. Power Co.*, 229 Ga. 348, 352 (3) (191 SE2d 33)), and, by statutory edict, the State is not bound by the passage of a law unless it is named therein or unless the words of the law are so plain, clear and unmistakable as to leave no doubt as to the intention of the General Assembly. OCGA § 1-3-8; *Lingo v. Harris*, 73 Ga. 28, 30.

In *City of Atlanta v. Smith*, 99 Ga. 462, 466 (27 SE 696), it was held: "[T]he word 'person' . . . cannot be held to include the municipal corporation . . . without an express legislative declaration to that effect, or without the use of words which, by necessary implication, would bring it within the term 'person,' as employed in the act. It is an ancient maxim of the common law that 'the king is not bound by any statute if he be not expressly named to be so bound.' No intent to relinquish or abridge any prerogative, right, title or interest of the crown will be presumed, unless such an intent is manifest from the language of the statute. Broom, Leg. Maxims, *72."

In excepting from insolvency relief the claims of certain insurance interests and of persons ("legal entities") with a net worth greater than $1 million, the legislature obviously meant to apportion the loss among those best set up or able to bear it. It is not a matter of the State " '[standing] in the shoes' of the insureds" as was the analysis in *United Budget Co. v. Ga. Insurers Insolvency Pool*, 253 Ga. 435, 437 (321 SE2d 333). It is simply that the state or county taxpayers are not mentioned and moreover do not clearly fit the category of those best able to bear the loss within the statutory scheme.

Many a county in this state will have a net worth of $1 million but might still be poor considering the number of taxpayers in it, and the number of people it serves. We therefore seriously doubt that by including "any other legal entity" and by neglecting to mention the state or its subdivisions in § 33-1-2 (5), the legislature means to include these as a "person" to be excluded if it had a net worth greater than $1 million under § 33-36-3 (2) (F); and with that doubt, OCGA § 1-3-8 and *Lingo*, supra, p. 30, mandate the conclusion that it did not.

The appellee Insolvency Pool is unable to point to any rule of law or logic that requires a contrary position. Instead, it suggests that the Act gives relief only to covered claims of "persons," and that Elbert County seeks first to obtain coverage on declaring itself to be a "person," and then denies it is a "person" who is excluded under § 33-36-3 (2) (F). This argument is twisted. The Act does not inceptively grant relief only to "persons." It provides a remedy for "covered claims," which is defined at § 33-36-3 (2) (A and B). Elbert County evidently has a "covered claim"; it does not have to be a "person" to have one, and it does not claim to be a "person." Since it is not a "person" within the statutory scheme, Elbert County's covered claim is not excluded by § 33-36-3 (2) (F).

The trial court erred in granting judgment to the appellee Insolvency Pool.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 25, 1988 —
REHEARING DENIED FEBRUARY 12, 1988 —

*E. Freeman Leverett, Cynthia G. Weaver*, for appellants.
*Andrew J. Ekonomou, Teresa W. Pendergrast*, for appellee.