45531. GEORGIA INSURERS INSOLVENCY POOL v. ELBERT COUNTY, GEORGIA et al.
(368 SE2d 500)

GREGORY, Justice.

A hailstorm damaged the Elbert County courthouse, and the county filed a claim with its insurer. When the insurer was adjudged insolvent, the county filed a claim with the Georgia Insurers Insolvency Pool (GIIP). GIIP denied the claim and the county filed suit. The trial court ruled that under OCGA § 33-36-3 the county was a "person which has a net worth greater than $1 million"[1] and therefore did not have a "covered claim" under the Georgia Insurers Insolvency Act. The Court of Appeals reversed, finding that the legislature did not intend for the word "person," as it is used in OCGA §§ 33-1-2 (5) and 33-36-3 (2) (F), to include a county. *Elbert County v. Ga. Insurers Insolvency Pool*, 185 Ga. App. 803 (366 SE2d 153) (1988). We granted certiorari to determine whether a county is a "person" within the meaning of these code sections.

1. OCGA § 33-1-2 provides definitions of terms used in the title governing insurance. Subsection (5) provides,

> "Person" means an individual, insurer, company, association, trade association, organization, society, reciprocal or interinsurance exchange, partnership, syndicate, business trust, corporation, Lloyd's association, and associations, groups, or department of underwriters, and *any other legal entity.* [Emphasis supplied.]

At the time this claim arose, OCGA § 33-36-3 (2) (F), governing the

---

[1] In 1985 the legislature amended OCGA § 33-36-3 (2) (F) to provide that "A covered claim shall not include any obligation to. . .any person which has a net worth greater than $3 million at the time of the insured event." See 1985 Ga. Laws, p. 1485. The parties agree this amendment does not apply to this case.

Georgia Insurers Insolvency Pool, provided that "[a] covered claim shall not include any obligation to insurers, insurance pools, underwriting associations, or any *person* which has a net worth greater than $1 million at the time of the insured event." (Emphasis supplied.) The parties stipulate that Elbert County had a net worth greater than $1 million at all times applicable to this action. The issue before us is whether Elbert County is "any other legal entity" within the meaning of OCGA § 33-1-2 (5) such that it is a "person" whose claim is not covered under OCGA § 33-36-3 (2) (F).

A definition of "legal entity" is not set out in the insurance code. Black's Law Dictionary (5th ed. 1979) defines a "legal entity" as "an entity, other than a natural person, who has sufficient existence in legal contemplation that it can function legally, be sued or sue, and make decisions through agents as in the case of corporations." In *Cravey v. Southeastern Underwriters Assn.*, 214 Ga. 450, 453 (105 SE2d 497) (1958), this court said, "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue."

Article IX, Section 1, Paragraph 1 of the 1983 Georgia Constitution states that "[e]ach county shall be a body corporate and politic with such governing authority and with such powers and limitations as are provided in this Constitution and as provided by law." OCGA § 36-1-3 provides that "[e]very county is a body corporate, with power to sue or be sued in any court." It has been held that counties are but "quasi-corporations." *Millwood v. DeKalb County*, 106 Ga. 743, 745 (32 SE 577) (1899). We conclude from these authorities that Elbert County is a "legal entity" within the meaning of OCGA § 33-1-2 (5), and is therefore a "person" within the meaning of that code section and of OCGA § 33-36-3 (2) (F). As a "person" with a stipulated net worth of more than $1 million, its claim is not covered by the Georgia Insurers Insolvency Pool Act.

2. The county and the Court of Appeals rely on *City of Atlanta v. Smith*, 99 Ga. 462, 467 (27 SE 696) (1896), which states,

> [i]t is an ancient maxim of the common law that "the king is not bound by any statute if he be not expressly named to be so bound." No intent to relinquish or abridge any prerogative, right, title or interest of the crown will be presumed, unless such an intent is manifest from the language of the statute.

The county argues that since the legislature did not expressly include counties in the exemption from coverage contained in OCGA § 33-36-

3 (2) (F), it did not intend for the code section to apply to counties. We do not agree.

We first point out that OCGA § 33-36-3 (2) (F) does not abridge any right or interest of a sovereign to whom the Act may apply. But for the Georgia Insurers Insolvency Pool Act, there would be no "remedy for covered claims under property and casualty insurance policies when the insurer has become insolvent. . ." OCGA § 33-36-2. The legislature has simply chosen to provide this remedy to certain groups or "persons" and exclude others with very large financial resources. A "person" has only such "rights" under the Act as the Act provides. Counties are legal entities and as such are "persons" whose claims may or may not be covered under OCGA § 36-33-3 (2) (F), depending on the net worth of the county at the time of the insured event.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 1, 1988 —
RECONSIDERATION DENIED JUNE 14, 1988.

*Andrew J. Ekonomou, Teresa W. Pendergrast,* for appellant.

*Heard, Leverett, Adams & Jenkins, E. Freeman Leverett, Cynthia G. Weaver,* for appellees.