## A93A1840. GEORGIA INSURERS INSOLVENCY POOL
## v. SOUTHEAST ATLANTIC CARGO OPERATORS, INC.
### (440 SE2d 254)

POPE, Chief Judge.

Defendant Georgia Insurers Insolvency Pool ("GIIP") appeals from the trial court's grant of summary judgment to plaintiff Southeast Atlantic Cargo Operators, Inc. ("SEACO") and denial of summary judgment to GIIP.

One of SEACO's employees was seriously injured while working in a warehouse operated by the Georgia Ports Authority ("GPA"). The employee sued GPA, and GPA in turn brought a third-party indemnity action against SEACO. SEACO's insurer was declared insolvent in May 1986, while the third-party claim was pending, so GIIP took over SEACO's defense in accordance with the Georgia Insurers Insolvency Pool Act (OCGA § 33-36-1 et seq.). GPA settled with the employee for more than $1.3 million and then pursued its indemnity action against SEACO. After defending SEACO for 18 months, GIIP informed SEACO in December 1987 that it would not pay any portion of any judgment for GPA because GPA had a net worth of more than $3 million. See OCGA § 33-36-3 (2) (F). GIIP offered to continue providing a defense, but SEACO declined this offer and hired its own counsel. A jury determined that SEACO was responsible for 40 percent of the employee's damages, or $625,332.96, and this verdict was affirmed on appeal. See *Ga. Ports Auth. v. SEACO*, 202 Ga. App. 318 (414 SE2d 232) (1991). SEACO paid the judgment and then filed a claim with GIIP for reimbursement in the amount of $100,000. See OCGA § 33-36-3 (2) (D, E). When GIIP denied any liability based on OCGA § 33-36-3 (2) (F), SEACO brought this action.

1. OCGA § 33-36-3 (2) (F) provides: "A covered claim shall not include any obligation to insurers, insurance pools, underwriting associations, or *any person which has a net worth greater than $3 million at the time of the insured event*." (Emphasis supplied.) It is undisputed that GPA had assets in excess of $3 million at the time of the worker's accident, and SEACO did not. Thus, GIIP argues that it is the assets of GPA, the third-party claimant, which are relevant, and that GIIP is not liable because of GPA's wealth. We disagree under the specific circumstances of this case. It is true that the Act contemplates third-party claims, see, e.g., OCGA § 33-36-3 (2) (E), and that in some cases the assets of the third party will be determinative for purposes of OCGA § 33-36-3 (2) (F). In this case, however, the third-party claimant has already recovered, and it is SEACO, the insured, which has actually filed the claim against GIIP.

Anytime a business entity goes under, there will inevitably be losses that someone has to bear. GIIP was established by the Legislature to ensure that, at least to the extent of $100,000, the insureds of

insolvent insurers would not be the ones to bear the loss. See *United Budget Co. v. GIIP*, 253 Ga. 435, 437 (321 SE2d 333) (1984). Instead, GIIP would step in to defend the insured and pay claims up to $100,000. OCGA § 33-36-3 (2) (D, E). Because GIIP resources are limited, however, the Legislature determined that parties with assets of over $3 million should not be able to make claims against the fund, because they are in a position to better bear the inevitable loss themselves. See *GIIP v. Elbert County*, 258 Ga. 317 (2) (368 SE2d 500) (1988). If GIIP's position is accepted and recovery is denied in this case, SEACO, the insured, will have to bear the loss. Thus, we agree with the trial court that the claim in question is an obligation owed to SEACO rather than GPA, and it is therefore SEACO's net worth that is relevant for purposes of OCGA § 33-36-3 (2) (F) under these circumstances.

2. GIIP further contends that SEACO "waived" its right to any recovery from GIIP because it could and should have asserted OCGA § 33-36-3 (2) (F) in its own defense against GPA, thereby reducing GPA's recovery against it by $100,000. Cf. *Peeples Indus. v. Parker Hannifin Corp.*, 189 Ga. App. 857, 858 (377 SE2d 691) (1989) (describing such a defense without approving or disapproving it). The existence of such a defense on the part of the insured where the third party could not claim against GIIP directly would make sense, as it would further the Act's purpose of protecting insureds of insolvent insurers while simultaneously serving the purpose of OCGA § 33-36-3 (2) (F) by letting $100,000 of the loss fall on a party which the Legislature has determined can bear it, thus preserving the limited resources of GIIP for those who the Legislature has determined most need them. Even if we assume the existence of such a defense, however, we cannot agree that SEACO's failure to rely on it waived its right to recover from GIIP in this case, for it is undisputed that GIIP provided SEACO's defense to the third-party claim for a year and a half (during which time it filed an answer, a motion to dismiss and a pre-trial order) and did not itself assert this defense.[1]

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

---

[1] Although Roy Link, GIIP's representative, testified that he "relayed" to SEACO's counsel GIIP's position that SEACO should be entitled to a $100,000 credit against any liability to GPA on its part, he did not state when or how. Link never actually spoke with Edwin Robb, SEACO's counsel, during the period Robb represented SEACO on this claim. Moreover, Edward Brennan, the counsel who previously represented SEACO on behalf of GIIP, stated that, according to his file on the matter, a defense for SEACO based on OCGA § 33-36-3 (2) (F) was not brought up by Link until 1990, after the second and final pre-trial order was filed.

DECIDED JANUARY 13, 1994.

Chambers, Mabry, McClelland & Brooks, Wilbur C. Brooks, Stuart Theodore, for appellant.

Adams & Ellis, George L. Lewis, for appellee.

