OAKLAND COUNTY BOARD OF COUNTY ROAD COMMISSIONERS v
MICHIGAN PROPERTY & CASUALTY GUARANTY ASSOCIATION

Docket No. 166062. Submitted June 21, 1995, at Detroit. Decided June 11,
     1996, at 9:05 A.M.

The Oakland County Board of County Road Commissioners brought
an action in the Oakland Circuit Court against the Michigan Prop-
erty & Casualty Guaranty Association and the Insurance Commis-
sioner, seeking indemnification from the association for third-party
claims the plaintiff paid after its general liability insurer, Midland
Insurance Company, was deemed insolvent and was liquidated by
the New York Superintendent of Insurance. The Insurance Commis-
sioner was dismissed from the case. The association had refused to
indemnify the plaintiff on the basis that the plaintiff's net worth
exceeded the statutory maximum and therefore its claims did not
constitute "covered claims" under the act that created the associa-
tion. The court, Robert C. Anderson, J., granted summary disposi-
tion for the defendant, concluding that the net worth exclusion did
not violate the equal protection guarantees of the United States and
Michigan Constitutions and that the net worth exclusion applied to
the plaintiff, as the insured of an insolvent insurer. The plaintiff
appealed.

The Court of Appeals *held*:

1. The trial court did not err in finding that the net worth exclu-
sion, MCL 500.7925(3); MSA 24.17925(3), applied to the plaintiff.
The net worth exclusion was intended to effectuate the fundamen-
tal principles of protection and preservation. That is, the associa-
tion's limited resources must be preserved so that those insureds
and persons with claims against the insureds who are unable to
absorb the loss are protected. Subsection 7925(3) is intended to
effectuate these principles. Hence, as a general rule, where a claim
consists of an obligation of an insolvent insurer that is payable to a
Michigan resident on behalf of an insured of the insolvent insurer,
the net worth exclusion applies to the insured and to the insured's
third-party claimants who reside in Michigan. In determining
whether the net worth exclusion applies in a particular circum-
stance, it is irrelevant whether the insolvent insurer's insured or the
insured's third-party claimant is seeking direct reimbursement from
the association.

2. The plaintiff is a "person" as defined in the Insurance Code, and subsection 7925(3) evaluates the net worth of a "person."

3. To the extent that the plaintiff's claims against the association are "payable to residents of this state on behalf of" the plaintiff, as an insured of an insolvent insurer, they constitute "covered claims" pursuant to MCL 500.7925(1); MSA 24.17925(1). However, because the plaintiff's claims arise from its liability to third parties, the net worth exclusion in subsection 7925(3) must be applied to the plaintiff and to the plaintiff's third-party claimants. The plaintiff's net worth exceeded the statutory limit and its claims were properly excluded.

4. The plaintiff failed to meet its evidentiary burden to raise a genuine issue of material fact regarding its assertion that, as a public entity, it does not have a calculable net worth.

5. There is no merit to the plaintiff's assertion that the net worth exclusion violates its right to equal protection of the law. The plaintiff, as a governmental agency created by the Legislature, has no privileges or immunities under the federal constitution that it may invoke in opposition to the will of the Legislature.

Affirmed.

1. INSURANCE — PROPERTY & CASUALTY GUARANTY ASSOCIATION — NET WORTH EXCLUSION — INSUREDS OF INSOLVENT INSURERS.

The Property and Casualty Guaranty Association Act is designed to protect from potentially catastrophic loss persons who have a right to rely on the existence of an insurance policy, namely, the insureds and persons with claims against the insureds; the association is guided by the interrelated principles of protection and preservation and the net worth exclusion contained in § 7925(3) of the act is intended to effectuate these principles; hence, as a general rule, where a claim submitted to the association constitutes an obligation of an insolvent insurer that is payable to a Michigan resident on behalf of an insured of the insolvent insurer, the net worth exclusion applies to the insured and to the insured's third-party claimants who reside in Michigan, whichever party is seeking reimbursement (MCL 500.7901 et seq.; MSA 24.17901 et seq.).

2. INSURANCE — PROPERTY & CASUALTY GUARANTY ASSOCIATION — NET WORTH EXCLUSION — "PERSON."

The net worth exclusion contained in the Property and Casualty Guaranty Association Act evaluates the net worth of a "person," which is broadly defined in the Insurance Code to include any legal entity; a public entity may be determined to be a person for such purposes (MCL 500.114, 500.7925[3]; MSA 24.1114, 24.17925[3]).

3. INSURANCE — PROPERTY & CASUALTY GUARANTY ASSOCIATION — "COVERED CLAIMS" — THIRD-PARTY CLAIMANTS.

To the extent that claims against the Property & Casualty Guaranty Association by an insolvent insurer's insured are payable to residents of this state on behalf of the insured as an insured of the insolvent insurer, they constitute "covered claims" under the act creating the association; where the insured's claims arise from its liability to third parties, the net worth exclusion in the act applies to the insured and the insured's third-party claimants (MCL 500.7925[1],[3]; MSA 24.17925[1],[3]).

4. MUNICIPAL CORPORATIONS — EQUAL PROTECTION — PUBLIC ENTITIES.

A public entity created by the Legislature has no privileges or immunities under the federal constitution that it may invoke in opposition to the will of the Legislature.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Alvin A. Rutledge* and *Patrick D. Filbin*), for the plaintiff.

*Dykema Gossett PLLC* (by *Suzanne Sahakian* and *Ava K. Ortner*), for the defendant.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and D.J. KELLY,* JJ.

PER CURIAM. In this indemnity action, plaintiff Oakland County Board of County Road Commissioners appeals as of right from a circuit court order granting summary disposition for defendant Michigan Property & Casualty Guaranty Association pursuant to MCR 2.116(C)(8) and (10).[1] We affirm.

I

Plaintiff is a governmental entity primarily responsible for building, repairing, and maintaining county

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant insurance commissioner was dismissed from the case and is not a party to this appeal.

roads, bridges, culverts, and other components of the county's infrastructure. Between 1981 and 1985, plaintiff maintained general liability insurance through Midland Insurance Company. During the policy period, personal injury claims were made against plaintiff, who sought coverage and indemnification from Midland. In April 1986, Midland was deemed insolvent and was liquidated by the New York Superintendent of Insurance. Plaintiff eventually paid the third-party claims and then sought indemnification from the Michigan Property & Casualty Guaranty Association, a statutorily created association of property and casualty insurers licensed to do business in Michigan. MCL 500.7901 *et seq.*; MSA 24.17901 *et seq.* Under the Property & Casualty Guaranty Association Act, the association has a duty to pay certain obligations of insolvent insurers. The association refused to indemnify plaintiff on the basis that plaintiff's net worth exceeded the statutory maximum and therefore its claims did not constitute "covered claims" under the act. Plaintiff filed this action, alleging that the net worth exclusion found in § 7925(3) of the act, MCL 500.7925(3); MSA 24.17925(3), violated the equal protection provisions of the United States and Michigan Constitutions and seeking a declaratory ruling that it was not subject to the exclusion. The association and plaintiff filed cross-motions for summary disposition under MCR 2.116(C)(8) and (10). The trial court denied plaintiff's motion and granted defendant's motion, concluding that the net worth exclusion did not violate equal protection provisions and that the exclusion applied to plaintiff, as the insured of an insolvent insurer.

II

On appeal, plaintiff first asserts that the trial court erred in finding that the net worth exclusion applied to plaintiff. We find no error.

Under § 7925 of the act, the association has the duty to pay obligations of insolvent insurers that come within the act's definition of "covered claims":

> (1) "Covered claims" means obligations of an insolvent insurer which meet all of the following requirements:
>
> (a) Arise out of the insurance policy contracts of the insolvent insurer issued to residents of this state or are payable to residents of this state on behalf of insureds of the insolvent insurer.
>
> (b) Were unpaid by the insolvent insurer.
>
> (c) Are presented as a claim to the receiver in this state or the association on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings.
>
> (d) Were incurred or existed before, at the time of, or within 30 days after the date the receiver was appointed.
>
> (e) Arise out of policy contracts of the insolvent insurer issued for all kinds of insurance except life and disability insurance.
>
> (f) Arise out of insurance policy contracts issued on or before the last date on which the insolvent insurer was a member insurer.
>
> *     *     *
>
> (3) Covered claims shall not include obligations to an insurer, insurance pool, underwriting association, or to a person who has a net worth greater than 1/10 of 1% of the aggregate premiums written by member insurers in this state in the preceding calendar year. [MCL 500.7925(1) and (3); MSA 24.17925(1) and (3).]

Plaintiff argues that, because its policy with Midland provided for third-party liability coverage, the net worth exclusion in § 7925(3) refers only to the net

worth of "persons" who are third-party claimants, not plaintiff itself as Midland's insured. On the specific facts of this case, we disagree with plaintiff's argument.

"The act is designed to protect from potentially catastrophic loss persons who have a right to rely on the existence of an insurance policy—the insureds and persons with claims against the insureds." *Metry, Metry, Sanom & Ashare v Michigan Property & Casualty Guaranty Ass'n*, 403 Mich 117, 121; 267 NW2d 695 (1978). See also *Yetzke v Fausak*, 194 Mich App 414, 418; 488 NW2d 222 (1992). The association is guided by two interrelated principles: protection and preservation. That is, the association's limited resources must be preserved so that those insureds and persons with claims against the insureds who are unable to absorb the loss are protected. The net worth exclusion in § 7925(3) was intended to effectuate these fundamental principles. Hence, as a general rule, where a claim constitutes an obligation of an insolvent insurer that is payable to a Michigan resident on behalf of an insured of the insolvent insurer, we hold that the net worth exclusion applies to the insured *and* to the insured's third-party claimants who reside in Michigan. No other interpretation of the act satisfies both principles of protection and preservation.

Furthermore, we note that § 7925(3) evaluates the net worth of a "person," which is defined broadly under the Insurance Code to include

> an individual, insurer, company, association, organization, Lloyds, society, reciprocal or inter-insurance exchange, partnership, syndicate, business trust, corporation, and any other legal entity. [MCL 500.114; MSA 24.1114.]

Clearly, the Legislature contemplated preserving the association's limited resources by precluding recovery by a broad range of claimants whose net worth exceeds the statutory limit.

In determining whether the net worth exclusion applies in a particular circumstance, it is irrelevant whether the insolvent insurer's insured or the insured's third-party claimant is seeking direct reimbursement from the association. Effective third-party practice permits proper application of the net worth exclusion, whichever party is seeking reimbursement. To hold otherwise might encourage insureds of an insolvent insurer to withhold or delay the satisfaction of valid third-party claims.

To the extent that plaintiff's claims against the association are "payable to residents of this state on behalf of" plaintiff, as an insured of the insolvent Midland Insurance Company, they constitute "covered claims" pursuant to § 7925(1)(a). However, because plaintiff's claims arise from its liability to third parties, the net worth exclusion in § 7925(3) must be applied to plaintiff and to plaintiff's third-party claimants. Given that plaintiff has failed to rebut the association's evidence that plaintiff's net worth exceeded the statutory limit for the relevant period, we need look no further to conclude that plaintiff's claims are excluded from coverage under the act.[2]

---

[2] We emphasize that this general rule will apply in most, but not all, cases. Each case must be determined on its own specific facts with the intent of furthering the overall purposes of the act. For example, we express no opinion regarding the circumstance where an insured's net worth does not exceed the statutory limit, but a third-party claimant's does. That particular circumstance does not lend itself to bright-line rules, and we expressly leave that issue for another day. See, e.g., *Georgia Insurers Insolvency Pool v Southeast Atlantic Cargo Operators, Inc*, 211

Accordingly, summary disposition was properly granted to defendant association.

III

Plaintiff next asserts that, as a public entity, it does not have a calculable net worth. We conclude that plaintiff has failed to raise a genuine issue of material fact regarding this issue, and that summary disposition was properly granted as a matter of law. MCR 2.116(C)(10).

In support of its motion for summary disposition, defendant submitted an affidavit of Nola Yew, a certified public accountant specializing in governmental auditing. Yew averred that a governmental entity has assets and liabilities similar to a company in the private sector, and thus has a calculable net worth. Yew further averred that plaintiff had a net worth of $18,446,051 for 1985, which exceeded the net worth limit under the act of $5,820,973 in 1985. In its response to defendant's motion, plaintiff did not submit any affidavit or other documentary evidence to rebut either Yew's averment that plaintiff had a calculable net worth or Yew's calculation of plaintiff's net worth. Accordingly, plaintiff failed to meet its evidentiary burden under MCR 2.116(G)(4) to raise a genuine issue of material fact for trial. See *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994). Summary disposition was properly granted to defendant. MCR 2.116(C)(10).

---

Ga App 660; 440 SE2d 254 (1994); *United States v Rutland, Inc*, 849 F Supp 806 (SD Ga, 1994), aff'd 46 F3d 71 (CA 11, 1995).

IV

Plaintiff further asserts that the net worth exclusion violates its right to equal protection of the law. We find no merit to this argument.

Plaintiff, as a governmental entity created by the Legislature, " 'has no privileges or immunities under the federal constitution which it may invoke in opposition to the will of its creator.' " *Berrien Co v Michigan*, 136 Mich App 772, 778; 357 NW2d 764 (1984), quoting *Williams v Mayor & City Council of Baltimore*, 289 US 36, 40; 53 S Ct 431; 77 L Ed 1015 (1933). Accordingly, we conclude that plaintiff has failed to state a claim upon which relief may be granted and that summary disposition of this claim is proper under MCR 2.116(C)(8).

Nonetheless, were we to address the merits of plaintiff's equal protection challenge, we would adopt, as our own the analysis of the Sixth Circuit Court of Appeals in *Borman's Inc v Michigan Property & Casualty Guaranty Ass'n*, 925 F2d 160 (CA 6, 1991), cert den 502 US 823 (1991). In *Borman's*, the court reviewed the net worth exclusion in § 7925(3) under the rational basis standard and held that it did not violate the equal protection provisions of the state and federal constitutions. *Id.* at 162, n 1, 163.

Affirmed.

MICHAEL J. KELLY, J., concurs in the result only.