[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16688
Non-Argument Calendar
_____

D. C. Docket No. 03-00925-CV-WSD-1

TIWANDA LOVELACE,

Plaintiff-Appellant,

versus

DEKALB CENTRAL PROBATION,

Defendant,

DEKALB COUNTY POLICE DEPARTMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 3, 2005)**

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Tiwanda Lovelace appeals the district court's dismissal of her pro se civil rights action, brought pursuant to 42 U.S.C. § 1983, for failure to state a claim, Fed.R.Civ.P. ("Rule") 12(b)(6). For the following reasons, we affirm.

## I. Background

Lovelace filed a § 1983 civil rights complaint against the Dekalb County Police Department ("Department"), claiming that her due process and equal protection rights were violated when her probation status as a first offender under Georgia's First Offender Act was revoked without notice or a hearing based on her failure to pay restitution.[1] She further alleged that the Department was negligent in its hiring and supervision of employees for posting incorrect information on the criminal justice information service.

The Department moved to dismiss the complaint on the ground that it is not

---

[1] Lovelace also named Dekalb County Central Probation ("Probation") as a defendant. Conducting the required review under the Prison Litigation Reform Act, 28 U.S.C. § 1915 et seq, the district court dismissed the claims against Probation as frivolous, determining that the claims were barred by Eleventh Amendment immunity. At that stage, the court permitted the claims against the Department to proceed. We review a district court's dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(I) for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1348 (11th Cir. 2001). Under Georgia law, Probation is part of the Department of Corrections. O.C.G.A. § 42-8-43.1. Accordingly, the district court was correct to conclude that the claims against Probation were barred by the Eleventh Amendment. See Miller v. King, 384 F.3d 1248, 1260 (11th Cir. 2004) (holding that claims against the Department of Corrections were barred by immunity); Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) (same).

2

a legal entity subject to suit, and the district court granted the motion. Lovelace now appeals.

## II. Standard of Review

We review de novo a dismissal pursuant to Rule 12(b)(6), applying the same standard as the district court did. Paradise Drivers, Inc. v. Upmal, 402 F.3d 1087, 1089 (11th Cir. 2005). We do not affirm the dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim." Id.

## III. Discussion

The only issue before us is whether the district court was correct to conclude that the Department is not a legal entity subject to suit under § 1983. The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held...." Fed.R.Civ.P. 17(b). Therefore, Georgia law controls here. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988) (quotation omitted).

We have observed that "[s]heriff's departments and police departments are

not usually considered legal entities subject to suit...." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law). Other cases within this Circuit addressing this issue under Georgia law have reached the same conclusion. See Bunyon v. Burke County, 285 F. Supp.2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit), aff'd, – F.3d –, 2004 WL 1936471 (11th Cir. 2004); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (concluding that the City of Atlanta police department is not a proper party defendant because the department is "merely the vehicle through which the City government fulfills its policing functions"). Lovelace fails to persuade us to depart from this precedent.

Accordingly, the district court properly dismissed the claims against the Department, and we AFFIRM.[2]

**AFFIRMED.**

---

[2] The district court also concluded that the Department was not served properly. Because dismissal under Rule 12(b)(6) was proper, we need not address that issue.