[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 05-15895
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 05-02464-CV-JEC-1

ABIOLA K. LAWAL,

Plaintiff-Appellant,

versus

RAYMOND FOWLER,
JUDGE ROBERT J. JAMES,
LEON S. JONES,
DOUGLAS COUNTY SHERIFFS DEPARTMENT,
UNNAMED DOUGLAS COUNTY SHERIFF,

Defendants-Appellees.

------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

------------------------------------------------------------------

**(August 10, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Abiola K. Lawal, a pro se federal prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim, under 28 U.S.C. § 1915A. No reversible error has been shown; we affirm.

In his § 1983 complaint, Lawal stated that he purchased a house located at 3068 Chapel Hill Road, Douglasville, Georgia, from Raymond Fowler. After purchasing the house, Lawal was convicted of conspiracy to obtain fraudulent student visas. Lawal began serving his sentence for this offense; and Fowler initiated legal proceedings to recover a wine collection that was left in the house that Lawal had purchased. Fowler, aided by his attorney, Leon Jones, obtained a temporary restraining order ("TRO") from Georgia Superior Court Judge Robert James, which gave the Douglas County Sheriff's Office the authority to enter Lawal's house and seize the wine collection.

Lawal's § 1983 complaint named Fowler, Jones, Judge James, the "Unnamed Douglas County Sheriff," and the Douglas County Sheriff's Department (the "defendants") in an action alleging that the defendants violated Lawal's constitutional rights by conspiring to break into his house illegally. Lawal argued that the TRO incorrectly listed the address of his house as 3068 Wesley Chapel Road and did not state with particularity the items to be seized from his home. Lawal also asserted that, when the defendants realized that the

2

TRO listed the incorrect address, the defendants conspired to issue a corrected TRO after the search of Lawal's house was conducted.

We review de novo a district court's sua sponte dismissal of a suit for failure to state a claim for relief under § 1915A. Harden v. Pataki, 320 F.3d 1289, 1292 (11th Cir. 2003). We view all fact allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). In addition, we liberally construe pro se pleadings. Id. at 1350. To state a claim for relief based on § 1983, "[plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 119 S.Ct. 977, 985 (1999). We address Lawal's claims against each defendant in turn.

First, about defendants Fowler and Jones, who are not government agents or employees, Lawal has made no allegation that they acted under color of state law. See id.; Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (explaining that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). Although Lawal asserted that Fowler and Jones conspired with the other defendants to enter his home illegally, his bare assertion

3

that such a conspiracy existed is insufficient to state a claim under § 1983.[1]  See

Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) ("The naked assertion of

a conspiracy between a state judge and private defendants without supporting

operative facts provides an insufficient state action nexus for a section 1983

action.").

Second, the district court determined that Judge James would have absolute

immunity from liability under § 1983 for his judicial acts in this case.  To

determine if a judge who has been sued under § 1983 is entitled to judicial

immunity, we consider a two-part test:

> The first part of the test is whether the judge dealt with the plaintiff in
> a judicial capacity.  If the judge was not dealing with the plaintiff in a
> judicial capacity, then there is no immunity.  If the judge was dealing
> with the plaintiff in his judicial capacity, however, the second part of
> the test is whether the judge acted in the clear absence of all
> jurisdiction.

Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (citing Stump v.

Sparkman, 98 S.Ct. 1099, 1105, 1107 (1978)).  Here, we, given the pleadings,

---

[1]Lawal also offers as support for his argument about the defendants' conspiracy that--after the search of Lawal's house was conducted--Judge James issued a "corrective" TRO, which stated that the TRO used to execute the search inadvertently listed Lawal's address as 3068 Wesley Chapel Road instead of the correct address that Fowler provided in his TRO motion, complaint, and other pleadings.  Georgia courts can correct clerical mistakes appearing in orders, see Ga. Code Ann. § 9-11-60(g); and Lawal's claim does not alter our analysis that Fowler and Jones were not acting under color of state law.

assume that Judge James dealt with Lawal in a judicial capacity; but our review of the record does not indicate that Judge James acted "in the clear absence of all jurisdiction."

Third, the unnamed Douglas County Sheriff who executed the TRO issued by Judge James is entitled to absolute quasi-judicial immunity.[2] Roland v. Phillips, 19 F.3d 552, 556 (11th Cir. 1994) ("[L]aw enforcement personnel, acting in furtherance of their official duties and relying on a facially valid court order, are entitled to absolute quasi-judicial immunity from suit in a section 1983 action."). Lawal asserts that the TRO was "illegal" because it listed incorrectly the address of the place to be searched as 3068 Wesley Chapel Road, instead of 3068 Chapel Hill Road, and because it did not contain a bill of particulars listing the items to be seized. But the TRO directed the Sheriff to refer to Fowler's complaint accompanying his motion for a TRO, which listed the correct address of Lawal's house and provided a description of the wine collection to be seized. Therefore, the law enforcement officers who executed the TRO at Lawal's house as part of their official duties are entitled to absolute quasi-judicial immunity.

---

[2]In his complaint, Lawal stated that the Douglas County Sheriff executed the TRO issued by Judge James; but in his brief before us, Lawal asserts that Douglas County Sheriff's deputies executed the TRO. Our analysis about absolute quasi-judicial immunity applies regardless if the Sheriff or Sheriff's deputies executed the TRO in this case.

Finally, Lawal named the Douglas County Sheriff's Department as a defendant in his § 1983 claim. Because the capacity to be sued is "determined by the law of the state in which the district court is held," Georgia law controls in this case. See Fed.R.Civ.P. 17(b). The Georgia Supreme Court has explained that "in every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Because "[s]heriff's departments and police departments are not usually considered legal entities subject to suit," we see no error in the district court's decision that Lawal failed to state a claim against the Douglas County Sheriff's Department.[3] See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).

We conclude that the district court's dismissal of Lawal's complaint for failure to state a claim was not erroneous.[4]

---

[3] We reached a similar conclusion in a recent unpublished decision. See Lovelace v. Dekalb Cent. Probation, 144 Fed. Appx. 793, 795 (11th Cir. Aug. 3, 2005) (agreeing with the district court that the Dekalb County, Georgia Police Department was not a legal entity subject to suit under § 1983).

[4] The district court also concluded that it lacked jurisdiction to make a determination about whether the TRO in this case was unconstitutional because of Fowler's purported failure to establish

6

**AFFIRMED.**

---

ownership of the seized wine collection.  Because dismissal of Lawal's case for failure to state a claim was proper, we need not address this issue.