[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13170
Non-Argument Calendar

_____

D. C. Docket No. 06-00036-CV-WLS-6

CHRISTOPHER YON BRANNON,

Plaintiff-Appellant,

versus

THOMAS COUNTY JAIL,
CARLTON POWELL, Sheriff, Thomas County,
JOHN RICHARDS, Captain, Thomas County Jail,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 9, 2008)

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

At the time of the events giving rise to plaintiff's claims for damages in this case, which were brought under 42 U.S.C. § 1983, plaintiff was a pretrial detainee housed in the Thomas County (Georgia) Jail. His claims are against the defendants, Thomas County, the Thomas County Jail, Thomas County Sheriff Carlton Powell, and Thomas County Jail Captain John Richards. He alleges that while he was housed in the jail, the defendants were deliberately indifferent towards his medical needs, in violation of the Eighth and Fourteenth Amendments, by: (1) waiting for several days to take him to an orthopedist after he broke his hand; (2) depriving him of prescription pain medication during part of that period; and (3) ignoring his complaints that he was suffering pain from the cast the orthopedist gave him. He also alleged that the defendants violated his constitutional rights by making improper deductions from his prison account and depriving him of his medical and criminal records.

The defendants moved the district court for summary judgment, and the court granted the motion. Plaintiff now appeals that ruling, contending that summary judgment was not appropriate as to his claim of medical delay because the defendants failed to provide the medical care that he required; moreover, an unexplained delay in treating a serious medical condition constitutes deliberate indifference. He also contends that material issues of fact remain as to whether

2

(1) he was not approved to see the orthopedist until four days after he was diagnosed, and (2) Captain Richards hindered his treatment in a way that was grossly inadequate.

With respect to his claim that he was deprived of medication, he says that summary judgment was inappropriate because (1) the defendants failed to meet basic medical standards by only providing over-the-counter medicine on the three days that he did not have a prescription for pain medicine, and (2) after he verbally requested prescription pain medicine, the defendants failed to provide the necessary treatment.

Finally, he contends that summary judgment was inappropriate with respect to his claim that he was deprived of medical care when he experienced pain from his cast because (1) based on his cast care instructions, the symptoms he was experiencing were to be reported immediately, (2) he made verbal complaints about his pain rather than written ones, and (3) the defendants' assertion that he did not make complaints "conflicts with the reason he removed his cast."

In his reply brief, plaintiff argues that the district court should not have granted summary judgment without giving him a chance to complete discovery, and that the court erred by not considering his objections to the magistrate judge's report and recommendation ("R & R"), which recommended that the court grant

the defendants summary judgment.

Plaintiff has abandoned his claims that he suffered a deprivation of his constitutional rights due to deductions from his prison account and the defendants' failure to provide medical and criminal records by neglecting to raise those arguments in his brief. See Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995) (quotation omitted) (noting that "[i]ssues that clearly are not designated in the initial brief ordinarily are considered abandoned"). To the extent that his reply brief attempts to challenge the district court's decisions regarding discovery, he abandoned those arguments by not raising them in his initial brief. See id.

Further, we lack jurisdiction to consider the district court's denial of his motion to file untimely objections to the R & R because he appealed the final judgment before that order was entered and did not file an amended notice of appeal. See Kirkland v. Nat'l Mortgage Network, Inc., 884 F.2d 1367, 1369-70 (11th Cir. 1989) (providing that an appeal from a final judgment brings up for review all preceding non-final orders).

Plaintiff also has failed to challenge the magistrate judge's refusal to consider his untimely response to the motion for summary judgment and the district court's denial of his motion for leave to amend his complaint. Accordingly, we do not consider (1) plaintiff's response to the motion for summary

4

judgment and (2) the documents related to his motion for leave to amend the complaint, including the motion itself, his supporting affidavit, and his reply to the defendants' response. With these matters out of the way, we now consider plaintiff's challenge to the granting of summary judgment on his claims that the defendants were deliberately indifferent to his serious medical needs.

"[We] review[ ] the district court's grant of summary judgment de novo, applying the same legal standard that the district court employed in the first instance." Yang v. Government Employees Ins. Co., 146 F.3d 1320, 1322 (11th Cir. 1998). "[A] moving party is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting Fed. R. Civ. P. 56(c)). A party opposing a properly-supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). "There is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." Waddell v. Valley Forge

5

Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001).

State officials' treatment of pretrial detainees is governed by the Due Process Clause of the Fourteenth Amendment, while treatment of convicted prisoners is governed by the Eighth Amendment. Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). We therefore consider plaintiff's claims as having been based on the Due Process Clause of the Fourteenth Amendment. This is of no moment, however, since the appropriate legal standards for provision of medical care are the same under both constitutional amendments. Hence, Eighth and Fourteenth Amendment cases can be used interchangeably in the "deliberate indifference" analysis. Id. Under the Eighth Amendment, deliberate indifference to a prisoner's serious medical needs constitutes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (quotation omitted). In order to make out a case of deliberate indifference, a prisoner must establish that his medical treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotation omitted). To demonstrate that a prison official acted with deliberate indifference, the prisoner must show (1) an objectively serious medical need, and (2) that the prison official acted with

6

deliberate indifference toward that need. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

In establishing § 1983 liability, a prisoner cannot rely on theories of vicarious liability or respondeat superior. See Cook ex. rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115-16 (11th Cir. 2005). For a defendant to be liable in his individual capacity, § 1983 requires proof of an affirmative causal link between the official's acts or omissions and the alleged constitutional deprivation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). The causal connection may be proven by showing that the official (1) was personally involved in the acts or omissions that resulted in the constitutional deprivation; (2) established a policy or custom that resulted in the constitutional deprivation; or (3) breached a duty imposed by state or local law. Id. Additionally, a local government may not be held liable on a respondeat superior theory; instead, it is only when the execution of a governmental policy or custom inflicts the injury that the government as an entity is responsible under § 1983. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). We have recognized that "[f]or liability purposes, a suit against a public official in his official capacity is considered a suit against the local governmental entity he represents." Vineyard v.

7

County of Murray, Ga., 990 F.2d 1207, 1210 n.3 (11th Cir. 1993).

Bearing these principles in mind, and considering the record in the light most favorable to plaintiff, we find no error in the district court's decision (based on the magistrate judge's R & R) granting the defendants summary judgment in their official capacities.[1]  Nor do we find any error in the court decision granting the defendants summary judgment in their individual capacities.  The undisputed facts are that there were no delays in plaintiff's medical treatment.  It could not reasonably be said that a jail officer responsible for seeing to it that plaintiff received appropriate medical attention and treatment was deliberately indifferent to his serious medical needs.

The district court's judgment is, accordingly,

AFFIRMED.

---

[1]  We note that the Thomas County Jail is not an entity capable of being sued under Georgia law.  Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988).