77596. PEEPLES INDUSTRIES, INC. et al. v. PARKER
HANNIFIN CORPORATION et al.
(377 SE2d 691)

BANKE, Presiding Judge.

The appellees, Parker Hannifin Corporation and Parker Fluidpower Group Cylinder Division (hereafter referred to together as "Parker Hannifin"), manufactured a hydraulic cylinder installed in a crane used by the Georgia Ports Authority. The cylinder allegedly failed, resulting in damage to the crane in the amount of $123,900. The crane was owned by Peeples Industries, Inc., and Southern Bulk Industries, Inc. As reimbursement for the loss, Peeples and Southern Bulk were paid $98,900 by their casualty insurers, Holland-America Insurance Company and California Union Insurance Company (hereinafter referred to as the appellants). This payment represented the $123,900 cost of repairing the crane, less a deductible amount of $25,000.

Peeples, Southern Bulk, and the appellants thereafter filed suit against Parker Hannifin to recover for the loss, with the appellants asserting a subrogation claim to the extent of the insurance benefits they had paid. Parker Hannifin failed to answer the complaint and consequently suffered default judgments for the entire amount sought. It subsequently attempted to have these judgments set aside, but without success.

Parker Hannifin was insured under a $5,000,000 liability insurance policy issued by Integrity Insurance Company. However, during the pendency of Parker Hannifin's efforts to set aside the default judgments, Integrity Insurance Company was declared insolvent. Be-

ing a resident of Ohio, Parker Hannifin thereafter sought to have the judgments paid by the Ohio Insurance Guaranty Association, which administers an insurance company insolvency fund pursuant to the laws of that state. The Ohio fund paid the default judgments entered in favor of Peeples Industries and Southern Bulk Industries; but, in accordance with a provision of Ohio law prohibiting the use of the insolvency fund's resources to pay subrogation claims brought by insurers, it refused to pay the default judgments entered in favor of the appellants.

Georgia also has an insurance company insolvency fund, known as the Georgia Insurers Insolvency Pool. See OCGA § 33-36-1 et seq. It is undisputed that the appellants are authorized to write property and casualty insurance policies in this state and consequently are members of the Georgia pool. See OCGA § 33-36-5. The parties appear to be in further agreement that subrogation claims such as those asserted by the appellants in this case are not recoverable from the Georgia pool. See OCGA § 33-36-3 (2) (F).

Contending that the Georgia Insurers Insolvency Pool Act prohibits insurers from asserting subrogation claims not merely against the Georgia insolvency pool itself but also against the insureds of insolvent insurers, Parker Hannifin brought the present action against the appellants and their insureds (Peeples and Southern Bulk) seeking both declaratory and interlocutory injunctive relief which would prevent the collection of the default judgments previously entered against it. Several months after the complaint was filed, the trial court entered an order granting the prayer for interlocutory injunctive relief, ruling as follows: "Defendants are prohibited from executing, levying or otherwise attempting to enforce the judgment at question against the plaintiffs until such time as this court has considered and ruled upon plaintiff's complaint for declaratory judgment, or until further order of the court." Several months later, the trial court granted summary judgment to Parker Hannifin on its request for declaratory relief, ruling as follows: "It is considered, ordered and adjudged that plaintiffs were the insureds of an insolvent insurer; that therefore defendants Holland-America and California Union are prevented by statute from maintaining a cause of action directly against plaintiffs; that, as such, defendants are also prevented from enforcing their judgment directly against plaintiffs; that plaintiffs' motion for summary judgment is hereby granted." This appeal was taken from that order. Although the notice of appeal names Peeples and Southern Bulk as appellants along with the Holland-American and California Union insurance companies, it is evident that those defendants have no further interest in the action, due to the fact that the default judgments which they obtained against Parker Hannifin have already been satisfied by the Ohio insurer insolvency fund. *Held*:

"While our declaratory-judgment statute [OCGA § 9-4-1 et seq.] itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest." *Mayor &c. of Athens v. Gerdine*, 202 Ga. 197 (1) (42 SE2d 567) (1947).

"The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. As many times pointed out by this court, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole. (Cits.)" *Rowan v. Herring*, 214 Ga. 370, 374 (105 SE2d 29) (1958). "The Declaratory Judgment Act of this State is not intended to be used to set aside, modify, or interpret judicial decrees or judgments of courts having jurisdiction of the subject matter and parties, but is to be used to obtain a declaration of rights not already adjudicated." *Lawrence v. Lawrence*, 87 Ga. App. 150 (1) (73 SE2d 231) (1952). Accord *Burgess v. Burgess*, 210 Ga. 380, 383 (80 SE2d 280) (1954); *Fourth Street Baptist Church v. Bd. of Registrars*, 253 Ga. 368, 369 (320 SE2d 543) (1984).

The fact that the appellants herein have secured default judgments against Parker Hannifin which they are now threatening to enforce does not place Parker Hannifin in need of judicial guidance to determine what course of conduct to pursue in the future. "[It] is clear that all rights have accrued to the parties; that no adjudication of the plaintiffs' rights is necessary in order to relieve them from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interest—no necessity for direction as to future action is alleged, and the plaintiffs have an adequate remedy either at law or in equity." *Rowan v. Herring*, supra, 214 Ga. at 372. We accordingly hold that Parker Hannifin's claim for declaratory relief was not justiciable, with the result that the trial court was without jurisdiction to grant such relief. See *Kaylor v. Kaylor*, 236 Ga. 777, 778 (225 SE2d 320) (1976). The order appealed from is accordingly vacated. Accord *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177 (363 SE2d 614) (1987).

*Judgment vacated. Birdsong and Beasley, JJ., concur.*

*Fred S. Clark*, for appellants.
*Kenneth L. Royal, W. C. Brooks*, for appellees.