S91G1533. ATLANTA CASUALTY COMPANY v. FOUNTAIN et al.

(413 SE2d 450)

CLARKE, Chief Justice.

We granted certiorari to consider whether the Atlanta Casualty

---

[2] The city was not responsible for the improper assessment. See *Fulton County v. Strickland,* 251 Ga. 473 (306 SE2d 299) (1983).

Company should have been allowed to pursue an action for declaratory judgment under the circumstances of this case. We conclude that it should have, and therefore reverse.

Stanley and Marsha Fountain bought automobile insurance from Atlanta Casualty Company. They agreed to a "named driver exclusion" which excluded their 16-year-old daughter, Cynthia Fountain, from any coverage except personal injury protection. They also rejected in writing "all uninsured motorist coverage if the vehicle is being driven by the excluded driver in the policy." While the policy was in effect, Cynthia was hit by an uninsured driver. She was driving a three-wheel all terrain vehicle. Her family made a claim under the insurance policy. The insurance company denied PIP coverage on the grounds that the three-wheeler was not a "motor vehicle" as defined by the policy. The Fountains responded by a letter demanding coverage under the policy's uninsured motorist provisions. The letter further stated that the company's failure to pay the claim appeared to be in bad faith and that the family would pursue an action for the coverage amount plus penalties, attorney fees and expenses if payment were not issued within 60 days. The insurance company wrote back to the Fountains saying that it was unable to determine whether the policy provided coverage under the circumstances. It then filed an action for declaratory judgment.

The trial court granted the insurance company's motion for summary judgment and denied the insured's cross-motion for summary judgment. The Court of Appeals reversed, holding that the declaratory judgment action should have been dismissed. *Fountain v. Atlanta Cas. Co.*, 200 Ga. App. 643 (409 SE2d 239) (1991). The Court of Appeals reasoned that the declaratory judgment petition did not disclose why the insurance company needed direction from the court with regard to future action. The Court of Appeals held that because the insurance company took the position that the policy did not cover the claim, a declaratory judgment action was inappropriate and should have been dismissed.

In this appeal, the insurance company argues that it must be able to file a declaratory judgment action in these types of cases so that it can determine the validity of a policy exclusion clause before it refuses to pay a claim. The company points out that it may subject itself to a substantial punitive damage award if it wrongly refuses to pay.

The declaratory judgment statute is construed liberally. *Athens v. Gerdine*, 202 Ga. 197 (42 SE2d 567) (1947). It is available in situations presenting an " 'actual controversy' . . . where interested parties are asserting adverse claims upon a state of facts wherein a legal judgment is sought that would control or direct future action." *Darnell v. Tate*, 206 Ga. 576, 580 (58 SE2d 160) (1950). Thus, when a claim for insurance has been made, and a legitimate question exists as to the

propriety of denying coverage, the insurance company may file a declaratory judgment action before denying the claim. It is not necessary for the insurance company to wait for the insured to file a lawsuit against it.

This holding is not contrary to *Chastain v. U. S. Fidelity &c. Co.*, 190 Ga. App. 215 (378 SE2d 397) (1989). In that case "the record disclose[d] that there is no pending action which could possibly expose [the insurance company] to uncertainty with regard to its duty to defend." The Court of Appeals therefore concluded that "[the insurance company] was merely seeking an advisory opinion from the trial court. . . ." A question about an insurance company's duty to defend its insured is not ripe for judicial determination until an action has been filed against the insured. The suit against the insured in that situation is analogous to the insured's demand for payment of the claim in this case. Until that time the existence of a controversy is contingent on possible future events. Declaratory judgment will not be rendered based on a possible or probable contingency. *City of Nashville v. Snow*, 204 Ga. 371 (49 SE2d 808) (1948). Similarly, declaratory judgment is not available where a judgment cannot guide and protect the petitioner with regard to some future act — as where an insurance company has already denied a claim. *Athens*, supra; compare *Sentry Ins. v. Majeed*, 260 Ga. 203 (391 SE2d 649) (1990) (no actual controversy pending).

In this case, the record demonstrates (1) that a demand for payment under the policy had been made; (2) that the insurance company had not yet acted to deny the claim; (3) that legitimate questions existed as to the validity and applicability of the policy exclusion clauses;[1] and (4) that existing Georgia law did not provide a clear answer. We conclude that the insurance company adequately demonstrated a need for a legal judgment that would control its future action. A declaratory judgment action was therefore appropriate.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 27, 1992.

*Bentley, Karesh & Seacrest, Gary L. Seacrest, Karsten Bicknese,* for appellant.

*Boyce, Ekonomou & Atkinson, Kirby G. Atkinson, Thomas J.*

---

[1] The insureds asserted that the clause excluding uninsured motorist coverage was void for public policy reasons; and that the exclusion did not apply to Cynthia because she was driving a three-wheeler, a vehicle that did not fit within the policy's definition of "motor vehicle." We do not reach the merits of either of these issues here.