A92A0438. STANDARD GUARANTY INSURANCE COMPANY v. HULSEY et al.

(420 SE2d 54)

CARLEY, Presiding Judge.

The relevant facts in this declaratory judgment action are as follows: As the result of an automobile collision, appellee-defendant Olin Usher filed suit against appellee-defendant Ricky Hulsey. Hulsey answered and counterclaimed against Usher. Usher was purportedly afforded liability coverage under a policy issued by appellee-defendant Progressive Casualty Insurance Company (Progressive) and Hulsey was afforded uninsured motorist coverage under a policy issued by appellant-plaintiff Standard Guaranty Insurance Company (Standard). In its capacity as Hulsey's uninsured motorist carrier, Standard was served with a copy of Hulsey's counterclaim against Usher. However, Standard did not become a party to the action. The trial court eventually entered judgment in favor of Hulsey on his counterclaim against Usher. Concluding that Usher was an uninsured motorist despite his policy with Progressive, the trial court also entered judgment in favor of Hulsey against Standard. After Hulsey demanded uninsured motorist coverage, Standard successfully moved to set aside the judgment that had been entered against it, correctly asserting that it had not been a party to the action. *Hulsey v. Standard Guar. Ins. Co.,* 195 Ga. App. 803 (395 SE2d 282) (1990). Before denying Hulsey's demand for uninsured motorist coverage, Standard had also filed the instant declaratory judgment action, seeking a declaration that it had no contractual obligation as Hulsey's uninsured motorist carrier to satisfy the judgment entered against Usher. Usher failed to answer, Hulsey answered and counterclaimed for attorney's fees, and Progressive answered and moved to dismiss. The trial court

granted Progressive's motion to dismiss and, after denying Standard's motion to dismiss Hulsey's counterclaim, awarded Hulsey attorney's fees pursuant to OCGA § 33-7-15 (b.1). Standard appeals.

1. The grant of Progressive's motion to dismiss Standard's action for declaratory judgment is enumerated as error.

" 'The Declaratory Judgment Act of this State is not intended to be used to set aside, modify, or interpret judicial decrees or judgments of courts having jurisdiction of the subject matter and parties, but is to be used to obtain a declaration of rights not already adjudicated.' [Cits.]" *Peeples Indus. v. Parker Hannifin Corp.,* 189 Ga. App. 857, 859 (377 SE2d 691) (1989). Progressive urges that the grant of its motion to dismiss was proper because Standard is not using the instant declaratory judgment action to obtain a declaration of rights, but for the unauthorized purpose of collaterally attacking the original judgment of the trial court wherein Usher had been "deemed to be an uninsured motorist. . . ." *Hulsey v. Standard Guar. Ins. Co.,* supra at 804.

This contention is clearly without merit. The original judgment of the trial court is not being collaterally attacked in the instant declaratory judgment action, because that original judgment has *already* been directly attacked and correctly set aside on the ground that the trial court lacked personal jurisdiction over Standard. Having successfully secured the setting aside of the original trial court's judgment wherein Usher had been "deemed to be an uninsured motorist," Standard now submits itself to the personal jurisdiction of the trial court and seeks a declaration that it is not contractually obligated to pay the judgment secured by Hulsey. As this court clearly held in affirming the setting aside of the original judgment, ". . . Hulsey will have to assert his rights under his insurance contract with Standard in *another action.*" (Emphasis supplied.) *Hulsey v. Standard Guar. Ins. Co.,* supra at 804. Accordingly, "another action" was contemplated and the validity of the trial court's grant of Progressive's motion to dismiss is dependent upon whether the instant declaratory judgment action constitutes "another action" in which the issue of Hulsey's contractual rights under his policy with Standard can properly be determined.

Declaratory judgment will not be rendered based on a possible or probable contingency. *City of Nashville v. Snow,* 204 Ga. 371, 377 (1) (49 SE2d 808) (1948). A claim for uninsured motorist benefits is contingent upon the claimant's securing a judgment against the alleged tortfeasor. Nevertheless, there is authority for the proposition that a separate declaratory judgment action can be maintained where it is instituted by the insurer *before* judgment has been obtained against the tortfeasor. *Knight v. Ga. Farm &c. Ins. Co.,* 184 Ga. App. 312, 315 (3) (361 SE2d 190) (1987). However, there is clear authority for the

proposition that a separate declaratory judgment action cannot be maintained where, as here, it is instituted by the insurer only *after* judgment has been obtained against the tortfeasor. It has been held that, under such circumstances, no claim for declaratory relief is stated and the insurer must wait until suit on the policy is initiated against it by the claimant. "[A] judgment has been obtained against an insurer's putative insured, and the insure[r] now seeks a declaratory judgment that it is not liable under the policy. All rights have accrued; the [insurer] is either liable under the terms of its polic[y] for the judgment entered against [the tortfeasor] or it is not. The [insurer] faces no risk of taking future undirected action; its defenses can be presented when suit is entered by the [claimant]. [Cit.]" *Shield Ins. Co. v. Hutchins,* 149 Ga. App. 742, 744-745 (2) (256 SE2d 108) (1979). "[S]uit looms against the insurer itself and its own defenses to liability can be presented without jeopardy *when suit is entered by the claimant.* (Cit.) Under these circumstances, there being no uncertainty or insecurity with regard to the propriety of some future act or conduct, declaratory relief will not lie. (Cit.). . .' [Cit.]" (Emphasis in original.) *Baron v. State Farm &c. Ins. Co.,* 157 Ga. App. 16, 18-19 (1) (276 SE2d 78) (1981).

It appears, however, that *Shield Ins. Co., Baron* and other similar decisions have been overruled sub silentio by the recent opinion of the Supreme Court in *Atlanta Cas. Co. v. Fountain,* 262 Ga. 16, 17-18 (413 SE2d 450) (1992): "The declaratory judgment statute is construed liberally. . . . Thus, when a claim for insurance has been made, and a legitimate question exists as to the propriety of denying coverage, the insurance company may file a declaratory judgment action before denying the claim. *It is not necessary for the insurance company to wait for the insured to file a lawsuit against it."* (Emphasis supplied.) In construing the declaratory judgment statute liberally, the Supreme Court did not recognize any exception for those cases involving post-judgment demands for coverage, nor did it limit its holding to those cases involving pre-judgment demands for coverage. Accordingly, although the dismissal of Standard's instant declaratory judgment action may have been correct under *Shield Ins. Co.* and *Baron* at the time the trial court ruled, that dismissal has been rendered erroneous by the Supreme Court's subsequent decision in *Atlanta Cas. Co. v. Fountain,* supra. Since no vested rights are affected by the Supreme Court's apparent holding that a declaratory judgment action is procedurally available to an insurer seeking resolution of the validity of a claimant's post-judgment demand for uninsured motorist benefits, we are constrained to hold that the dismissal of Standard's instant declaratory judgment action must be reversed. See generally *Foster v. Bowen,* 253 Ga. 33 (315 SE2d 656) (1984). "In this case, the record demonstrates (1) that a demand for payment under the policy

had been made; (2) that [Standard] had not yet acted to deny the claim; (3) that legitimate questions existed as to the [existence of coverage]; and (4) that existing Georgia law did not provide a clear answer. We conclude that [Standard] adequately demonstrated a need for a legal judgment that would control its future action. A declaratory judgment action was therefore appropriate." *Atlanta Cas. Co. v. Fountain,* supra at 18.

2. Standard enumerates as error the denial of its motion to dismiss Hulsey's counterclaim and the trial court's award of attorney's fees to Hulsey pursuant to OCGA § 33-7-15 (b.1).

"In the event the insurer *denies* coverage and it is determined by declaratory judgment or other civil process that *there is in fact* coverage, the insurer shall be liable to the insured for legal cost and attorney's fees as may be awarded by the court." (Emphasis supplied.) OCGA § 33-7-15 (b.1). In the instant case, Standard has not denied coverage to Hulsey and there has been no determination that coverage for Hulsey in fact exists. Before denying Hulsey's demand for coverage, Standard brought the instant declaratory judgment action to determine whether it *could* validly deny that demand and neither the instant action nor any other civil action has ultimately determined that Standard does *not* have the right to deny coverage. See *Atlanta Cas. Co. v. Fountain,* supra.

Moreover, if Standard *had* denied coverage, Hulsey would still have no viable claim for attorney's fees pursuant to OCGA § 33-7-15 (b.1). A "recovery of attorney['s] fees under OCGA § 33-7-15 (b.1) is limited to those situations involving non-cooperation by an insured with his insurance company. [Cit.]" *Gibson v. Southern Gen. Ins. Co.,* 199 Ga. App. 776, 777 (2) (406 SE2d 121) (1991). "[A]lthough the language of subsection (b.1) does not expressly limit recovery of attorney['s] fees only to situations of non-cooperation by the insured, placement of the subsection in the context of OCGA § 33-7-15 leads to the conclusion that the legislature did intend to so limit the application of the subsection." *Hall v. Canal Ins. Co.,* 195 Ga. App. 16, 17 (392 SE2d 340) (1990). Since the instant declaratory judgment action is not predicated upon Hulsey's failure to cooperate with Standard, a recovery of attorney's fees pursuant to OCGA § 33-7-15 (b.1) would *not* be authorized.

It follows that the trial court erred in its holding that OCGA § 33-7-15 (b.1) has any applicability under the circumstances existing in the instant case and that the denial of Standard's motion to dismiss Hulsey's counterclaim and the grant of attorney's fees in favor of Hulsey must be reversed.

*Judgment reversed. Pope and Johnson, JJ., concur.*

*Jenkins & Eells, Frank E. Jenkins III, Kirk R. Fjelstul,* for appellant.

*Ronald L. Hilley, Murray & Temple, William D. Strickland,* for appellees.