## A96A1781. MORGAN v. GUARANTY NATIONAL COMPANIES.
(477 SE2d 26)

Judge Harold R. Banke.

In this declaratory judgment action, Daniel Morgan appeals the denial of his motions to dismiss and for summary judgment and the grant of summary judgment to Guaranty National Companies ("Guaranty") on the issue of whether the commercial liability insurance policy it issued to Georgia CSM, Inc. ("CSM"), Morgan's former employer, covered Morgan's lawsuit against CSM. Morgan enumerates three errors.

This case arose after Morgan was arrested for non-payment of child support on January 20, 1994. Morgan sued CSM for false imprisonment and conversion, alleging CSM withheld child support payments Morgan arranged to be automatically deducted from his salary but failed to forward the sums to the court.

CSM retained counsel and answered but failed to provide Guaranty with notice of the lawsuit for almost seven months. Guaranty thereafter retained counsel to investigate CSM's demand for coverage and informed CSM it did so under a full and complete reservation of rights. CSM's counsel subsequently withdrew and notified Guaranty of this fact.

Several months later, Morgan's counsel informed Guaranty that he had stipulated the case to the next available trial calendar, but was willing to delay trial to allow adequate time to prepare a defense. Guaranty's coverage counsel responded that it had been retained to investigate coverage under a full reservation of rights because the extent of coverage, if any, was unclear.

Several weeks later, the case was called for trial in state court. When no representative appeared on CSM's behalf, the court struck the answer. Only the damages issue was tried to the jury, which awarded Morgan $37,500 in actual damages and $50,000 in punitive damages. Morgan demanded payment from Guaranty, despite the fact that Guaranty was not a party to the action.

Two weeks after the entry of judgment, Guaranty filed the instant declaratory judgment action against Morgan and CSM in superior court, seeking a determination of whether Morgan's claims against CSM were covered. Morgan moved to dismiss the declaratory

judgment action. The superior court denied Morgan's motion to dismiss, finding Guaranty had not waived its right to challenge coverage.

Guaranty subsequently moved for summary judgment. Morgan also moved for summary judgment, arguing that the declaratory judgment action was untimely. The superior court granted Guaranty's motion, finding there was no coverage because (1) CSM failed to provide Guaranty timely notice of the state court action; and (2) CSM failed to cooperate in the investigation of the lawsuit. Morgan challenges the denial of his motions and the grant of summary judgment to Guaranty. *Held*:

1. Guaranty was entitled to file a declaratory judgment action. See Jenkins & Miller, Ga. Auto. Ins. Law (1994 ed.), §§ 7-4, 14-1. "[A] declaratory judgment action is procedurally available to an insurer seeking resolution of the validity of a claimant's post-judgment demand" for payment. *Standard Guaranty Ins. Co. v. Hulsey*, 204 Ga. App. 508, 510 (1) (420 SE2d 54) (1992).

Morgan misconstrues *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976). *Richmond*'s requirement that the insurer immediately seek a declaratory judgment is contingent on the insured's objection to the reservation of rights agreement. Id. at 219. No such facts are apparent here.

2. We reject Morgan's contention that the trial court erred in denying his motion to dismiss because there was no justiciable controversy. The question of coverage was a legitimate issue requiring resolution, particularly after Morgan demanded that Guaranty pay his judgment against CSM. *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 17 (413 SE2d 450) (1992); see *Hulsey*, 204 Ga. App. at 509-510 (1).

3. The trial court properly granted Guaranty's motion for summary judgment. To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

It is undisputed that the insurance policy at issue required CSM to notify Guaranty "as soon as practicable of an occurrence or of an offense which may result in a claim." Although generally the issue of whether proper notice was provided is a jury question, under certain circumstances " 'it may be found that an insured's delay in giving notice of an accident to his insurer was unjustified and unreasonable. In such event, on a motion for summary judgment, the court may rule on the question as a matter of law.' [Cit.]" *Caldwell v. State Farm Fire &c. Ins. Co.*, 192 Ga. App. 419, 420-421 (2) (385 SE2d 97) (1989).

Here, CSM has not disputed that it failed to timely comply with the notice provision, a condition precedent to coverage. Nor has CSM

offered an explanation for its failure to provide proper notice. Because CSM's failure to provide timely notice is undisputed, summary judgment was appropriate as a matter of law. See id.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 19, 1996 —
RECONSIDERATION DENIED OCTOBER 2, 1996 —

*Murray & Stewart, Larry E. Stewart*, for appellant.
*Freeman & Hawkins, Kevin J. Bahr, Warner S. Fox*, for appellee.