A97A0546, A97A0554. SOUTHERN GENERAL INSURANCE COMPANY v. ROSS; and vice versa.
(489 SE2d 53)

RUFFIN, Judge.

These appeals stem from a declaratory judgment action brought

by Southern General Insurance Company ("Southern General") against Barbara Ross and Southern General's insureds on a liability policy, Willy Barber and Tracy Massie. Southern General and Ross both contest the trial court's interpretation of policy language requiring the insurer to pay post-judgment interest on a personal injury judgment awarded Ross against Barber and Massie. In her cross-appeal, Ross further claims the trial court erred by refusing to dismiss the declaratory judgment action and realign the parties, and by granting summary judgment to Southern General on her counterclaims for bad-faith failure to settle. For reasons which follow, we affirm in part and reverse in part the trial court's judgment and remand this case for further proceedings.

We review a trial court's grant of summary judgment de novo, construing the evidence in favor of the nonmovant to determine if any genuine issue of material fact exists and if the movant was entitled to judgment as a matter of law. *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996). On December 16, 1991, Ross obtained a personal injury judgment of $545,000 against Barber and Massie.[1] On December 24, 1991, the attorney retained by Southern General to represent Barber and Massie wrote Ross' attorney and offered "to settle any and all the claims of Barbara Ross against them upon payment of the total sum of $100,000.00." After Ross refused this offer, the case was appealed to this Court, and we affirmed the personal injury judgment in *Massie v. Ross*, 211 Ga. App. 354 (439 SE2d 3) (1993). On March 15, 1994, Southern General paid Ross the $100,000 policy limits on behalf of its insureds. However, the parties could not agree on how much, if any, post-judgment interest Southern General might owe under the terms of its policy and reserved that issue for later discussion. The insurer then filed this declaratory judgment action. Although Southern General's insureds filed no responsive pleadings, Ross filed an answer and counterclaims seeking post-judgment interest and asserting statutory and tort claims for bad-faith failure to settle.

The trial court found the parties to be in controversy over the meaning of a "supplemental payments" provision of the Southern General policy. That provision reads, in relevant part: "With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall: . . . (2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and *all interest accruing after entry of judgment until the company has paid or tendered or deposited in court*

---

[1] Although the judgment was originally for $575,000, only $545,000 remained unpaid on the original and amended judgments after the trial court took into account the payment of no-fault benefits and a $25,000 payment by the co-defendant.

*such part of such judgment as does not exceed the limit of the company's liability thereon."* (Emphasis supplied.)

On cross-motions for summary judgment, the trial court found Southern General responsible for paying accrued interest on the *entire* judgment as opposed to interest on only the portion of the judgment covered by Southern General's $100,000 policy. The court found that duty to pay interest abated when Southern General tendered its $100,000 limits to Ross in March 1994. It ordered the insurer to pay the post-judgment interest accrued on the judgment before March 15, 1994 and to pay interest on this unpaid interest amount at a 12 percent rate between March 15, 1994 and the date of the court's order. Although Ross obtained from Massie an assignment of Massie's potential cause of action for bad-faith failure to settle, the trial court found that assignment ineffective to allow Ross to pursue the claim against Southern General. Therefore the court granted Southern General's motion for summary judgment on Ross' statutory and tort bad-faith counterclaims.

### Case No. A97A0546

1. In its first enumeration of error, Southern General claims it owed no post-judgment interest because it "tendered" to Ross the amount of the policy limits by means of the settlement offer it made on December 24, 1991. We disagree. Pursuant to OCGA § 13-4-24, an effective tender "must be certain and unconditional, except for a receipt in full or delivery of the obligation. . . . The tender must be in full payment of the specific debt, and not in part. . . ." A tender conditioned on a release of "all claims," which includes claims not included within the obligation at hand, is not effective. See *Edwards-Warren Tire Co. v. Coble,* 102 Ga. App. 106, 110-111 (1) (115 SE2d 852) (1960).

Here, Southern General attempted to stop its accrual of interest under the policy by "tendering" its policy limits. But as the "tender" letter of December 24, 1991, makes clear, it offered those policy limits only in exchange for a release of the remaining amount owed by its insureds, a debt of $445,000. The trial court did not err in finding this first tender ineffective, as Southern General was not allowed to condition this partial payment upon a forgiveness of the entire debt. See *Adcock v. Sutton,* 224 Ga. 505, 507-508 (162 SE2d 732) (1968). Southern General's citation to *Ins. Co. of Penn. v. Giles,* 196 Ga. App. 271 (395 SE2d 833) (1990), has no bearing on this issue. In *Giles,* we determined the attorneys for the insurer and the claimant had made a pre-trial agreement to divide the policy limits at the conclusion of several ongoing lawsuits. See id. at 273-274.

2. Southern General next argues that its policy language

required it to pay post-judgment interest only on the amount of the judgment covered by its policy limits: $100,000. The trial court did not err in rejecting this argument. The plain language of the policy states that Southern General will pay *"all interest* accruing after entry of judgment." To the extent the phrase may be ambiguous, it is construed against the insurer. See *Ropar v. Travelers Ins. Co.,* 205 Ga. App. 249, 252 (2) (422 SE2d 34) (1992). The policy states that Southern General's duty to pay interest abates when the company has paid "such part of the judgment *as does not exceed the limit of the company's liability thereon."* (Emphasis supplied.) The fact that Southern General did not use this latter language to qualify the payment of post-judgment interest would lead a reasonable person to conclude the insurer would pay interest on the *entire* judgment. See *Bartlett v. American Alliance Ins. Co.,* 206 Ga. App. 252, 255 (2) (424 SE2d 825) (1992) (insurance contracts given a reasonable layperson's interpretation).

Although Southern General cites older cases from other jurisdictions holding to the contrary, authority shows a majority of jurisdictions would find this language requires an insurer to pay interest on the entire judgment. See 8A Appleman Ins. Law & Practice, p. 79, § 4894.25 (1981 & Supp. 1997); *McPhee v. American Motorists Ins. Co.,* 205 NW2d 152, 155-156 (Wis. 1973); *Stamps v. Consolidated Underwriters,* 493 P2d 246, 249 (Kan. 1972); *Mayberry v. Home Ins. Co.,* 142 SE2d 626, 631-632 (N.C. 1965). See also *Southeast Atlantic Cargo &c. v. First State Ins. Co.,* 216 Ga. App. 791, 794 (2) (456 SE2d 101) (1995), in which we interpreted ·an insurance policy provision requiring the insurer to pay " 'all [post-judgment] interest on the entire amount of any judgment. . . .' " (Emphasis omitted.) The trial court did not err in ordering Southern General to pay post-judgment interest accruing between the date of the judgment and March 15, 1994, the date the insurer paid Ross its policy limits.

3. We ·find merit, however, in Southern General's claim that the trial court erred in ordering the insurer to pay additional interest, at an annual rate of 12 percent, on this post-judgment interest. First, contrary to Ross' claim in her cross-appeal, Southern General's duty to pay post-judgment interest abated when it paid $100,000, representing that part of the $545,000 *judgment* owed under its policy. According to the policy language, once Southern General paid the portion of the *judgment* for which it was liable, its duty to pay interest abated even though it had not paid the interest accrued to that point.

Second, pursuant to OCGA § 9-12-10, "[n]o part of the judgment shall bear interest except the principal which is due on the original debt." To the extent the trial court awarded post-judgment *interest on interest,* its ruling was error. See *State Hwy. Dept. v. Godfrey,* 118 Ga.

App. 560, 561 (2) (164 SE2d 340) (1968). Furthermore, to the extent the amounts at issue in the declaratory judgment action may have been subject to a claim for *prejudgment interest*, nothing in the record before us indicates such a claim was made by Ross or ruled upon by the trial court. Therefore, we vacate that portion of the trial court's award which represents interest on post-judgment interest and remand this case with direction that those amounts be struck from the trial court's final order.

## Case No. A97A0554

4. In her cross-appeal, Ross claims the trial court erred in not dismissing the declaratory judgment action for failure to state a claim. We disagree.

In support of her motion, Ross relies chiefly on *Baron v. State Farm &c. Ins. Co.*, 157 Ga. App. 16, 18-19 (276 SE2d 78) (1981). That case, however, was overruled sub silentio by *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16 (413 SE2d 450) (1992). See *Southern Guaranty Ins. Co. v. Hulsey*, 204 Ga. App. 508, 510 (1) (420 SE2d 54) (1992). Under *Fountain*, an insurer may bring a declaratory judgment action where (1) an insured has demanded payment; (2) the insurer has not denied the claim; (3) a legitimate question exists as to the validity and applicability of the policy provision at issue; and (4) the existing Georgia law does not provide a clear answer. Id. at 18. A declaratory judgment action is available where an insurer seeks to determine the validity of a post-judgment demand. *Morgan v. Guaranty Nat. Cos.*, 223 Ga. App. 41, 42 (1) (477 SE2d 26) (1996).

Here, the affidavit of Ross' attorney shows that after Southern General tendered the policy limits, a "dispute" arose over the amount of post-judgment interest due under the supplemental payments provision. We found no Georgia precedent interpreting this exact provision, and the parties cited authority supporting divergent interpretations. The record shows that after this dispute arose, Southern General timely moved for a declaration of the parties' legal rights. The trial court did not err by finding this question a proper one for declaratory judgment. See *Fountain*, supra.

5. Because the trial court did not err in refusing to dismiss the declaratory judgment action, it did not err in failing to realign the parties.

6. For the reasons discussed in Division 3, supra, we have rejected Ross' claims that Southern General's duty to pay post-judgment interest did not abate until it paid both its policy limits and all post-judgment interest accrued to that date.

7. In her final enumeration, Ross claims the trial court erred in granting summary judgment to Southern General on her counter-

claim for bad-faith failure to settle. The trial court made this ruling because it found Ross had no standing to pursue Massie's bad-faith claims, even though Massie assigned that claim to Ross.

We find the trial court properly granted summary judgment on the claims for *statutory* penalties made pursuant to OCGA § 33-4-6. As the trial court found, those statutory claims may be made only by the insured. See *Owens v. Allstate Ins. Co.*, 216 Ga. App. 650, 651 (1) (455 SE2d 368) (1995) (physical precedent only); *Allstate Ins. Co. v. Harris*, 133 Ga. App. 567, 571 (3) (211 SE2d 783) (1974) (physical precedent only).

However, insofar as the trial court based its ruling on a determination that a *tort* claim for bad-faith failure to settle may not be assigned, its ruling was error. Pursuant to OCGA § 44-12-24, "a right of action is assignable if it involves, directly or indirectly, a right of property." A party may assign a cause of action involving a tortious injury to his property. See *Barnes v. Collins*, 205 Ga. App. 750 (423 SE2d 308) (1992). A claim for bad-faith failure to settle sounds in tort and involves, at least in part, a claim that the insurer's conduct exposed the insured's personal property to loss. See *Southern Gen. Ins. Co. v. Holt*, 200 Ga. App. 759, 761 (2) (409 SE2d 852) (1991), rev'd in part on other grounds, 262 Ga. 267 (416 SE2d 274) (1992). Although in *Owens*, supra, we rejected an attempt to assign a claim for *statutory penalties and attorney fees* arising from a bad-faith failure to settle, we have not held that a tort cause of action for compensatory damages for loss of property resulting from an insurer's bad faith may not be assigned. In fact, this Court recently indicated in *Jefferson Ins. Co. &c. v. Dunn*, 224 Ga. App. 732, 741 (7) (482 SE2d 383) (1997), that such a claim *may be* assigned. Therefore, the trial court erred by granting summary judgment to Southern General on this counterclaim.

We note that because Ross had not acquired Massie's right of action at the time she filed her responsive pleading to Southern General's declaratory judgment complaint, this counterclaim for bad-faith failure to settle was permissive rather than compulsory, and the trial court had discretion in determining whether to allow Ross to raise it in this action. See OCGA § 9-11-13 (e); *Wagner v. Howell Enterprises*, 184 Ga. App. 394, 395 (2) (361 SE2d 698) (1987). Furthermore, the assigned claim would be subject to any defenses the insurer could assert against Massie. See *American Security Van Lines v. Amoco Oil Co.*, 133 Ga. App. 368, 371 (210 SE2d 832) (1974). But because the trial court merely granted summary judgment on this claim on an erroneous basis, without addressing these other

issues, its ruling is error and must be reversed.[2]

*Judgment affirmed in part, reversed in part, and remanded with direction. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JUNE 27, 1997 —
RECONSIDERATION DENIED JULY 10, 1997 —

*Long, Weinberg, Ansley & Wheeler, Arnold E. Gardner, Johnathan T. Krawcheck, J. Kenneth Moorman,* for appellant.

*Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom,* for appellee.

---

[2] We note that the trial court also properly rejected Ross' attempts to assert Barber's tort claims for Southern General's bad-faith failure to settle, as Ross, who was not an insured and had received no assignment of Barber's claim, had no standing to do so. See *Francis v. Newton,* 75 Ga. App. 341, 344 (1) (43 SE2d 282) (1947).