## S97G0172. MORGAN v. GUARANTY NATIONAL COMPANIES.
(489 SE2d 803)

HUNSTEIN, Justice.

We granted writ of certiorari from the Court of Appeals' opinion in *Morgan v. Guaranty Nat. Cos.*, 223 Ga. App. 41 (477 SE2d 26) (1996) to consider whether that court correctly affirmed the trial court's order denying Daniel Morgan's motion to dismiss the declaratory judgment action filed by Guaranty National Companies, the insurer of Morgan's judgment debtor, Georgia CSM, Inc. Because under the facts of the case there was no uncertainty or insecurity with regard to the propriety of some future act or conduct of the insurer, declaratory relief did not lie and we therefore reverse the Court of Appeals.

Morgan filed a tort suit against Georgia CSM, which answered the suit but waited several months before it gave notice of the suit to Guaranty. Guaranty informed Georgia CSM by letter that it had retained counsel to investigate the claim and was acting under a complete reservation of rights. Georgia CSM's counsel thereafter withdrew and notified Guaranty of his withdrawal. Morgan, through counsel, advised Guaranty that the action had been stipulated to the next jury trial calendar; Morgan offered to delay the trial and to pro-

---

vide all documents necessary for Guaranty to provide an adequate defense. Guaranty responded that it was investigating coverage under a reservation of rights and that it was "unclear" whether there was coverage. The case came on for trial. Neither Georgia CSM nor Guaranty appeared; the trial court struck the answer; and damages were tried to a jury, which awarded Morgan $87,500. Morgan then demanded payment from Guaranty, which responded by filing a complaint seeking declaratory relief. Morgan's motion to dismiss the declaratory judgment action was denied.

The purpose of the Declaratory Judgments Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." OCGA § 9-4-1. However,

> where the rights of the parties have already accrued and there are no circumstances showing any necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest, the plaintiff is not entitled to a declaratory judgment. [Cit.] The declaratory judgment action makes no provision for a judgment which is advisory. [Cit.]

*State Farm &c. Ins. Co. v. Hillhouse,* 131 Ga. App. 524, 525-526 (2) (206 SE2d 627) (1974).

The law is well settled that an insurer, uncertain how to handle a claim made on a policy, " 'may enter upon a defense under a reservation of rights and *then* seek a declaratory judgment.' . . . [Cit.]" *Bowen v. Ga. Farm &c. Ins. Co.,* 162 Ga. App. 707, 708 (1) (293 SE2d 8) (1982). However, an insurer needs no declaration to guide it as to any future action in those instances where the insurer has failed or refused to afford a defense to a damage action against its insured and the action has proceeded to judgment against the insured. An insurer "may not refuse to pay [under its policy] and then use declaratory judgment procedure as a means of avoiding bad faith penalties." *State Farm &c. Ins. Co. v. Allstate Ins. Co.,* 132 Ga. App. 332, 334 (208 SE2d 170) (1974), discussing *Reliance Ins. Co. v. Brooks Lumber Co.,* 101 Ga. App. 620 (115 SE2d 271) (1960). The fact that the insurer did not expressly determine prior to the entry of judgment that no coverage was afforded to its insured does not alter this rule, as the failure to provide a defense to the damage action against the insured is equivalent to the denial of coverage. See *Shield Ins. Co. v. Hutchins,* 149 Ga. App. 742 (2) (256 SE2d 108) (1979) (insurer not entitled to post-judgment declaratory relief even though insurer not notified of

the prior tort action until years after judgment was entered against insured). While Guaranty's election not to defend the suit against Georgia CSM means Guaranty has waived all opportunity to contest either the negligence of its insured or Morgan's right of recovery against the insured, it does not mean that Guaranty has waived either its right or its opportunity to contest Morgan's entitlement to a recovery under its policy covering Georgia CSM. See *McCraney v. Fire &c. Ins. Co.*, 182 Ga. App. 895 (357 SE2d 327) (1987). However, declaratory judgment is not available for resolving claims over Guaranty's obligations under the policy because "declaratory judgment is not available to a party merely to test the viability of its defenses. [Cits.]" *Sentry Ins. v. Majeed*, 194 Ga. App. 276 (390 SE2d 269), aff'd 260 Ga. 203 (391 SE2d 649) (1990).

> [A] judgment has been obtained against an insurer's putative insured, and the insure[r] now seeks a declaratory judgment that it is not liable under the policy. All rights have accrued; the [insurer] is either liable under the terms of its policies for the judgment entered against [its insured] or it is not. The [insurer] faces no risk of taking future undirected action; its defenses can be presented when suit is entered by the third-party claimant. [Cit.] Therefore, the dismissal of [the insurer's declaratory action] petition, which sought a mere advisory opinion as to its defenses, was proper. [Cit.]

*Shield Ins. Co. v. Hutchins*, supra, 149 Ga. App. at 744-745 (2). Accord *McCraney*, supra, 182 Ga. App. at 896. Thus, under the facts present in this case, the appropriate procedural vehicle is not a declaratory judgment action by Guaranty but a breach of contract suit by the putative insured or putative third party claimant, Georgia CSM or Morgan, upon Guaranty's refusal to pay. See id.[1]

"[D]eclaratory judgment is not available where a judgment cannot guide and protect the petitioner with regard to some future act — as where an insurance company has already denied a claim. [Cits.]" *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450) (1992). Although Guaranty promptly reserved its rights under the procedure

---

[1] *Standard Guaranty Ins. Co. v. Hulsey*, 204 Ga. App. 508 (420 SE2d 54) (1992), cited by the Court of Appeals as its sole authority for the proposition that a declaratory judgment action is procedurally available to an insurer seeking resolution of the validity of a claimant's post-judgment demand for payment, is factually distinguishable from this case as *Hulsey* involved a claim for uninsured motorist benefits (such a claim being contingent upon the claimant's securing a judgment against the alleged tortfeasor, id. at 509) and the insurer had not denied coverage. Because our holding in *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16 (413 SE2d 450) (1992) did not address cases involving post-judgment demands for coverage in insurance cases *not* involving uninsured motorist claims, we disapprove that language in *Hulsey*, supra at 510, positing that *Fountain* overruled such cases sub silentio.

discussed in *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976), it failed to seek declaratory relief prior to judgment being entered against its insured and instead chose, by its refusal to defend without a pre-judgment resolution of its obligations under the policy, to take action effectively denying Georgia CSM's claim. Because Guaranty has not demonstrated a need for a legal judgment that would control its future action, in that its defenses to any claim under the policy can be presented when suit is entered by Morgan or Georgia CSM, a declaratory judgment action was inappropriate. Compare *Fountain*, supra. Accordingly, the Court of Appeals erred by affirming the trial court's denial of Morgan's motion to dismiss Guaranty's petition.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Murray & Associates, Larry E. Stewart,* for appellant.
*Hawkins & Parnell, Warner S. Fox, Kevin J. Bahr,* for appellee.