A98A1639. EMPIRE FIRE & MARINE INSURANCE COMPANY v. METRO COURIER CORPORATION et al.
(507 SE2d 525)

BEASLEY, Judge.

Empire Fire & Marine Insurance Company brought this declaratory judgment action against its insured (Metro Courier Corporation) and Metro's employee (Marcus Saucer) to determine the insurance policy's coverage of an accident involving a Metro van driven by Saucer. The two issues on appeal are (i) whether the court erred in dismissing the action where Empire had denied coverage, Empire had refused to provide Metro a defense in a suit brought by the injured parties, and a judgment had been entered in that suit, and (ii) whether the dismissal should have been with prejudice.

*Factual and Procedural Background*

The uncontroverted affidavits and evidence of record, which are appropriately considered in motions to dismiss for lack of jurisdiction,[1] show the following.

While driving a Metro van, Saucer collided with Mr. and Mrs. Harris, injuring them severely. The Harrises sued Metro and Saucer (the "damage action") and demanded from Empire that it pay its policy limit of $1 million. Empire declined, stating its policy did not cover this accident nor this van. Empire refused to provide Metro with a defense to the damage action, even after it entered into a mutual reservation of rights agreement with Metro. Metro provided its own defense and contended that Saucer was acting outside the scope of his employment at the time of the accident.

Six months after the damage action commenced, Empire filed this declaratory judgment action, claiming that because it believed Saucer acted outside the scope of his employment and the van was not listed in the policy, it needed judicial direction as to whether its policy covered the accident. In its petition, it requested a stay of the damage action, but it never filed a motion nor obtained a stay order.

Eight months later the damage action was arbitrated, and judgment exceeding $3 million was entered. As assignees of Metro, the

---

[1] See OCGA § 9-11-12 (d); *Marvin L. Walker & Assoc. v. A. L. Buschman, Inc.*, 147 Ga. App. 851, 852 (1) (250 SE2d 532) (1978); *McLendon v. Albany Warehouse Co.*, 203 Ga. App. 865, 866 (1) (418 SE2d 130) (1992).

Harrises sued Empire in an action on the judgment for the insurance money, which remains pending. Empire concedes that the "same coverage issues raised in the present action, including whether Empire had a duty to defend, are at issue" in the action on the judgment.

1. The Declaratory Judgments Act does not permit advisory opinions. "The purpose of the . . . Act is 'to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.' OCGA § 9-4-1. However, 'where the rights of the parties have already accrued and there are no circumstances showing any necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest, the plaintiff is not entitled to a declaratory judgment.' "[2]

Alleging some future conduct of the petitioner about which it is uncertain is an "essential ingredient," the absence of which will result in dismissal of the petition.[3] Empire fails to identify any such future actions, and the undisputed evidence reflects there are none.

(a) *Coverage denied.* "When . . . the company denies coverage before it seeks guidance under the declaratory judgment, it has no need for direction from the court. . . . Having thus denied coverage, the insurer removes any doubt as to its duties under the contract of insurance and the insurer's firm decision is that it has no duty and, thus, is not met with uncertainty as to future acts. Declaratory judgment, therefore, would not lie in [such a] case."[4]

Empire claims it did not deny coverage. The uncontroverted evidence of record is otherwise. Empire wrote the Harrises: "Empire's policy does not provide coverage for this accident. In short, the 1986 Plymouth Voyager involved in the accident was not a covered auto. Accordingly, [your] demand is rejected." Empire reiterated this posi-

---

[2] (Citations omitted.) *Morgan v. Guaranty Nat. Cos.*, 268 Ga. 343, 344 (489 SE2d 803) (1997); see *Mayor &c. of Athens v. Gerdine*, 202 Ga. 197 (1) (42 SE2d 567) (1947).

[3] *City of Summerville v. Sellers*, 82 Ga. App. 361 (61 SE2d 160) (1950); see *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450) (1992) ("declaratory judgment is not available where a judgment cannot guide and protect the petitioner with regard to some future act"); *Adams v. Atlanta Cas. Co.*, 225 Ga. App. 482, 484 (1) (484 SE2d 302) (1997) ("[w]hen a declaratory judgment cannot guide and protect the petitioner regarding a future act, no declaratory judgment is authorized") (citation omitted).

[4] (Citations and punctuation omitted.) *Adams*, supra, 225 Ga. App. at 485 (1); see *Fountain*, supra, 262 Ga. at 18 ("declaratory judgment is not available where a judgment cannot guide and protect the petitioner with regard to some future act — as where an insurance company has already denied a claim") (citations omitted); *Reliance Ins. Co. v. Brooks Lumber Co.*, 101 Ga. App. 620, 621 (115 SE2d 271) (1960) (declaratory judgment action unavailable where insurance company has already denied claim).

tion to Metro both verbally and in the reservation of rights agreement.

(b) *Defense denied*. Even if Empire's statements about denying coverage could be deemed equivocal, its refusal to provide Metro a defense cannot. Although an insurer does not "expressly determine prior to the entry of judgment that no coverage was afforded to its insured . . . [,] the failure to provide a defense to the damage action against the insured is equivalent to the denial of coverage."[5] An insurer's failure to defend the damage action alone removes the underpinnings of a declaratory judgment action on the policy, for "the insurer is not faced with the uncertainty and insecurity of making a jeopardizing election to enter into the defense of its alleged insured or to refuse to do so; suit looms against the insurer itself and its own defenses to liability can be presented without jeopardy when suit is entered by the claimant."[6]

Without citing any evidence, Empire claims that after the damage action was filed it provided Metro a defense in that it promised to reimburse Metro for its defense costs if coverage were found. Not only is such a promise meaningless, as Empire was already obligated to reimburse Metro if coverage were found, but there is no evidence of such a promise.

(c) *Judgment entered*. A third death knell is the fact that judgment has been entered in the damage action. This moots the declaratory judgment action. "All rights have accrued; the insurer is either liable under the terms of its policies for the judgment entered against its insured or it is not. The insurer faces no risk of taking future undirected action; its defenses can be presented when suit is entered by the third-party claimant,"[7] as has occurred.

Empire contends that the filing of the declaratory judgment action before entry of the judgment changes this rule. It argues that allowing the judgment to moot the declaratory judgment action would encourage a race to judgment. But events after the filing of a

---

[5] (Citation omitted.) *Morgan*, supra, 268 Ga. at 344.

[6] (Citation omitted.) *Shield Ins. Co. v. Hutchins*, 149 Ga. App. 742, 744 (2) (256 SE2d 108) (1979); see *Morgan*, supra, 268 Ga. at 345-346 (refusal to provide defense eliminates need for declaration as to future action); *State Farm Mut. Auto. Ins. Co. v. Hillhouse*, 131 Ga. App. 524, 526 (2) (206 SE2d 627) (1974) (failure to provide defense in damage action is fatal to declaratory judgment action); *Gant v. State Farm Mut. Auto. Ins. Co.*, 109 Ga. App. 41, 43 (134 SE2d 886) (1964) ("if State Farm has failed or refused to afford a defense to the damage action because it has made the determination that no coverage was afforded under its policy the rights, if any, of the parties had accrued before the declaratory judgment action was filed and the insurer needs no declaration to guide it as to any future action").

[7] (Citations and punctuation omitted.) *Morgan*, supra, 268 Ga. at 345; see *Lumbermens Mut. Cas. Co. v. Moody*, 116 Ga. App. 2, 5 (1) (156 SE2d 117) (1967) (judgment in damage action moots declaratory judgment action); *Travelers Indem. Co. v. Hood*, 110 Ga. App. 855, 858 (2) (140 SE2d 68) (1964) (same).

declaratory judgment action have often mooted the action.[8] Regardless of when an action reaches that posture, it is still an action which presents no justiciable controversy because the issue (whether to defend) has become dead or academic. A decision would have no practical effect. That would occur when, for example as is the case here, the matter in dispute has already been resolved.[9] The issue of whether it is liable for the judgment does not present an issue for declaratory judgment because that issue does not relate to future undirected action.

Second, the entry of the judgment likely would not have occurred if Empire had pursued a stay of the damage action pending final resolution of the declaratory judgment action.[10] When filing the declaratory judgment action five months after notice of the damage action, Empire did not move to stay the damage action. Burying a stay request in the declaratory judgment petition is ineffectual.

Without citing any evidence, Empire claims the arbitration was not adversarial but instead was a sham. We do not consider unsupported assertions. Moreover, Empire can and apparently has made this charge in the suit on the judgment.

Dismissal of the declaratory judgment action was not error.

2. Nevertheless, it was error to dismiss the action with prejudice.

"A dismissal with prejudice operates as an adjudication on the merits."[11] A dismissal of a declaratory judgment action on the ground the petitioner needs no direction from the court as to future action is a dismissal for want of subject matter jurisdiction.[12] An involuntary dismissal for lack of subject matter jurisdiction does not operate as

---

[8] See, e.g., *In the Interest of I. B.*, 219 Ga. App. 268 (464 SE2d 865) (1995) (physical precedent only) (expunging father's name from child abuse registry mooted father's declaratory judgment action regarding constitutionality of registry statute); *Leader Nat. Ins. Co. v. Kemp & Son*, 189 Ga. App. 115, 118-119 (4) (375 SE2d 231) (1988) (insurer's withdrawal of defense in damage action mooted pending declaratory judgment action on policy), aff'd, 259 Ga. 329 (380 SE2d 458) (1989); *Benton v. Gwinnett County Bd. of Ed.*, 168 Ga. App. 533, 534 (309 SE2d 680) (1983) (running of student's suspension and his withdrawal from school mooted declaratory judgment action on constitutionality of suspension procedures); *Consolidated Quarries Corp. v. Davidson*, 79 Ga. App. 248, 250 (53 SE2d 231) (1949) (expiration of contract mooted declaratory judgment action on contract).

[9] The appellate court, too, is required to dismiss appeals that become moot. OCGA § 5-6-48 (b) (3).

[10] See *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215, 219 (1) (231 SE2d 245) (1976).

[11] (Emphasis omitted.) *Marchman & Sons v. Nelson*, 251 Ga. 475, 477 (306 SE2d 290) (1983); *Hosp. Auth. of Calhoun County v. Walker*, 224 Ga. App. 163, 164 (2) (480 SE2d 849) (1996).

[12] *Ridgeview Institute v. Brunson*, 191 Ga. App. 608, 610 (382 SE2d 409) (1989); *Allstate Ins. Co. v. Shuman*, 163 Ga. App. 313, 315 (3) (293 SE2d 868) (1982); see *Adams*, supra, 225 Ga. App. at 485 (1); cf. *Kaylor v. Kaylor*, 236 Ga. 777, 778 (225 SE2d 320) (1976).

an adjudication on the merits.[13] Accordingly, dismissals of declaratory judgment actions for want of justiciability should be without prejudice.[14]

This case is remanded to the trial court for entry of an order consistent with this opinion.[15]

*Judgment affirmed in part and reversed in part and remanded with direction. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 8, 1998 — 

*Gray, Hedrick & Edenfield, William E. Gray II, L. Bruce Hedrick, Amanda H. Burri,* for appellant.

*Nix & Commander, Scott C. Commander, Walbert & Mathis, Charles A. Mathis, Jr., William J. Cobb, Herald J. A. Alexander,* for appellees.

---

[13] OCGA § 9-11-41 (b) (2); *Taco Bell Corp. v. Calson Corp.,* 190 Ga. App. 481, 483 (379 SE2d 6) (1989).

[14] See, e.g., *Savannah Theatres Co. v. First Fed. Sav. &c. Assn.,* 93 Ga. App. 487, 490 (92 SE2d 217) (1956); *Sellers,* supra, 82 Ga. App. at 361.

[15] See *Lloyd v. Whitworth,* 210 Ga. App. 714, 715 (437 SE2d 636) (1993).