**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be
physically received in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**MAY 12, 2026**

# In the Court of Appeals of Georgia

A26A0771. PLUMMER et al. v. COMMERCIAL INSURANCE AGENCY, INC.

PADGETT, Judge.

Stephanie Plummer[1] appeals the trial court's dismissal of her lawsuit against Commercial Insurance Agency, Inc. ("CIA"). Plummer previously sued Henry Properties, Inc. ("HPI") in a separate lawsuit, which resulted in a consent judgment. As part of the consent judgment, HPI assigned all of its claims against CIA to Plummer. Plummer then filed the instant lawsuit against CIA. CIA moved to dismiss the lawsuit, arguing that the claims raised against CIA were personal tort claims,

---

[1] Plummer filed the lawsuit individually, and as the administratrix of the estate of Ja'Marcus Holloway, as assignee of Henry Properties, Inc.

which could not be assigned to Plummer. The trial court dismissed the lawsuit. For the following reasons, we reverse.

We review the grant or denial of a motion to dismiss de novo and, "in so doing, construe the pleadings in [the] light most favorable to the plaintiff, with any doubts resolved in the plaintiff's favor." *City of Lafayette v. Chandler*, 354 Ga. App. 259, 260 (840 SE2d 638) (2020).

So viewed, the record shows that in August 2019, Plummer's husband was shot and killed while at a store owned and operated by HPI. Plummer filed a premises liability lawsuit against HPI in 2021 in the State Court of DeKalb County. CIA, an insurance broker, had assisted HPI in obtaining an insurance policy through Colony Insurance Company ("Colony") with a policy period from March 2019 to March 2020. In 2021, Colony filed a declaratory judgment action in the United States District Court for the Northern District of Georgia, seeking a ruling that HPI's insurance policy did not provide liability coverage to HPI for Plummer's claims against it in the DeKalb County case.[2] The District Court ruled that HPI's insurance policy excluded coverage for Plummer's claims. Plummer and HPI then entered into

---

[2] The policy issued to HPI included coverage exclusions for liability arising out of bodily injury caused by assault, battery, or the use of firearms.

2

a consent judgment in the DeKalb County case in favor of Plummer in the amount of $1,000,000.[3] HPI also assigned any and all of its claims against CIA to Plummer.

Plummer then filed the instant lawsuit against CIA in the State Court of Gwinnett County. Plummer's complaint asserted claims for negligence and breach of fiduciary duty, based on CIA's failure to obtain a general liability policy for HPI that did not exclude coverage for liability arising out of bodily injury caused by assault, battery, or the use of firearms, as well as claims for punitive damages and litigation expenses. CIA moved to dismiss the complaint for failure to state a claim, arguing that the claims asserted against CIA were personal torts which HPI could not assign to Plummer according to OCGA § 44-12-24. The trial court granted CIA's motion and dismissed Plummer's complaint with prejudice. This appeal follows.

Plummer contends that the trial court erred in dismissing her claims against CIA because the claims were not unassignable personal tort claims.[4] We agree.

Generally, "a right of action is assignable if it involves, directly or indirectly, a right of property[, but] [a] right of action for personal torts, for legal malpractice, or for injuries arising from fraud to the assignor may not be assigned." OCGA § 44-12-

---

[3] As part of the consent judgment, Plummer agreed not to enforce or collect the judgment against HPI.

[4] Plummer concedes on appeal that the claim for punitive damages is not assignable, and she does not appeal from the trial court's dismissal of that claim.

24. Plummer's complaint asserts claims for "negligence" and "breach of fiduciary duty." These claims advance — in essence — that CIA negligently procured insurance or breached a fiduciary duty to procure appropriate insurance for HPI. Georgia courts have not yet directly addressed whether these claims sound in personal or property tort. We conclude that they sound in property tort and, thus, are assignable.

"'Personal torts' are torts involving an injury to the person, to the reputation, or to feelings, as distinguished from an injury or damage to real or personal property, which is 'a property tort.'" *Oldham v. Landrum*, 363 Ga. App. 284, 288(1)(b) (870 SE2d 82) (2022) (quoting *Villanueva v. First Am. Title Ins. Co.*, 313 Ga. App. 164, 168(2) (721 SE2d 150) (2011) (physical precedent only)). See also *Villanueva v. First Am. Title Ins. Co.*, 292 Ga. 630, 632 (740 SE2d 108) (2013) (recognizing that in *Hutcherson v. Durden*, 113 Ga. 987, 989–90 (39 SE 495) (1901), the Supreme Court determined that "injuries done to the person" included "all actionable injuries to the individual himself," including "physical and bodily injury, injury to the reputation, false imprisonment, malicious arrest, and injury to one's health, in contrast to injury done to the person's property").

Here, the complaint does not allege that CIA injured HPI personally. Instead, the complaint alleges that HPI suffered pecuniary loss due to CIA's failure to secure

an appropriate insurance policy for HPI. Thus, the claims for negligence and breach of fiduciary duty were assignable to Plummer. See *Villanueva*, 292 Ga. at 635 ("The legal malpractice allegation — that the attorney failed to pay the outstanding loans in full — alleges a purely pecuniary injury and does not allege a 'personal tort,' making it assignable under OCGA §§ 44–12–22 and 44–12–24."); *S. Gen. Ins. Co. v. Ross*, 227 Ga. App. 191, 196(7) (489 SE2d 53) (1997) (holding that the assignment of an insured's tort claim for bad faith failure to settle sounds in tort and involves, at least in part, a claim that the insurer's conduct exposed the insured's personal property to loss, and was therefore assignable under OCGA § 44-12-24).

We reject CIA's argument that this result will cause OCGA § 44-12-24's bar on assigning personal torts to "collapse, because nearly every tort results in an injury that can be compensated by money damages." CIA's argument confuses the injury with the remedy. A personal tort involves an injury to the person. *Oldham*, 363 Ga. App. at 288(1)(b); *Villanueva*, 292 Ga. at 632; *Hutcherson*, 113 Ga. at 989–90. The injury itself is distinguishable from money damages which "are given as *compensation for injury*" and "generally, such compensation is *the measure of damages* where an injury is of a character capable of being estimated in money." OCGA § 51-12-4. (Emphasis added.) The injury suffered, allegedly, by Plummer as HPI's assignee is

that HPI did not have appropriate insurance coverage for the incident involving Plummer's husband.

Accordingly, we reverse the trial court's order dismissing Plummer's claims for negligence, breach of fiduciary duty, and expenses of litigation.

*Judgment reversed. McFadden, P. J., and Watkins, J., concur.*